KLIEBERT, Chief Judge.
This appeal results from a trial court judgment in favor of defendant, Winn Dixie Louisiana, Inc., in this slip and fall action. Plaintiffs, Selina Hirsch and Charles Hirsch, appealed. We affirm.
Selina Hirsch alleges she slipped at the Winn Dixie store on Highway 1 in Donald-sonville on June 5, 1989 at approximately 9:00 a.m. The morning of the incident was rainy and Mrs. Hirsch alleges she slipped on a wet floor just as she stepped off of the floor mat located at the store entry.
The trial court dismissed plaintiffs’ petition finding the merchant acted in a reasonably prudent manner in exercising the duty of care owed to patrons. Plaintiffs appealed alleging “[t]he lower court erred in holding Winn Dixie was under no statutory duty to call the employee that was responsible for cleanup and inspection of the area where petitioner’s fall took place.”
Our initial inquiry is which version of LSA-R.S. 9:2800.6 is applicable to this lawsuit. The legislature enacted R.S. 9:2800.6 by Act 714 of the 1988 legislative session. The act provided this version applied “... to all cases tried on or after [the act’s effective date — July 18, 1988] such date.” In 1990, the legislature amended and reenacted R.S. 9:2800.6 by Act 1025 and provided “... The provisions of this Act shall apply only to causes of action which arise on or after the effective date [September 1, 1990] of this Act.”
Because the cause of action sued on herein occurred on June 5, 1989 and was tried on April 7, 1993, Act 714 of the 1988 legislative session is applicable. See Davis v. Wal-Mart, Inc., 594 So.2d 557 (La.App. 3rd Cir. 1992) writ denied, 600 So.2d 608 (La.1992).
Under the provisions of the 1988 act, in order to prevail in this action, plaintiff had the burden of proving she suffered damages as a result of a hazardous condition while on the merchant’s premises and that the accident was caused by the hazardous condition. . LSA-R.S. 9:2800.6(B). Once proved, “the burden of proof then shifts to the merchant to prove that he acted in a reasonably prudent manner in exercising the duty of care he owed to the person to keep the premises free from any hazardous conditions.” LSA-R.S. 9:2800.6(B). “In exculpating himself from liability under this Sub-section, the merchant need not introduce the testimony of every employee of the merchant or any particular proportion thereof, but is only required to introduce the testimony of any employee shown to have actually created the hazardous condition and those employees and management personnel whose job responsibility included inspection or cleanup of the area where the accident giving rise to the damages occurred.” LSA-R.S. 9:2800.6(C).
The trial court found Winn Dixie exercised reasonable precautions and thus exculpated itself from the presumption of negligence. The court made the following factual findings:
“Carl Webre, the store manager, and Judy Ragas, the head cashier, testified on behalf of Winn Dixie. Both testified that it had been raining that day. The witnesses testified that there was a floor mat in the entranceway and that Winn Dixie employees had placed two ‘Caution, Wet Floor’ cones near the end of the floor mat that morning.
Carl Webre testified that when he got to plaintiff he helped her off the floor. He testified that he did not see any water on *779 the floor and that he knelt on the floor to help plaintiff up and his pants didn’t get wet.
He testified that he had inspected the entrance between 8:30 and 8:45 A.M. He testified that 10 to 20 minutes prior to the accident, he told Antoine Fuller to mop the area. After he finished mopping, the witness testified that he again inspected the area. This was approximately 10 minutes prior to the accident. Webre testified that no water came out of the mat when he stepped on it and none came from under it when he lifted it.
Judy Regas (sic) testified that she did not actually see the fall but she did see the lady on the floor. She testified that the normal procedure for the floor was that the manager on duty was responsible for checking the floor every 30 minutes. In the rain, the entrance was inspected more frequently, every 10 to 15 minutes. She testified that Antoine Fuller was the man assigned to the front door with a mop and bucket to gather up any water. She testified that Fuller had mopped approximately 10 minutes before the accident.
Plaintiff presented the testimony of Mrs. Ruby Green in support of their cause. Mrs. Green testified that it was raining on the date in question and that she was leaving the store with her groceries. She testified that she saw plaintiff on the floor, that the floor was wet, and that she didn’t see any warnings. She testified that at the time she didn’t stop to offer assistance or tell anyone in the area that she had seen the accident. Green did not concern herself in any way until March of 1993 when she read an advertisement that had been place (sic) by Selina Hirsch to seeking any witnesses to an accident occurring shortly after 9:00 a.m. on June 5, 1989, at the Donaldsonville Winn Dixie.
Although the Court considers Mrs. Green an unbiased and disinterested witness, the Court is suspect of a person’s recollection of an accident that didn’t concern them when it is brought to their attention for the first time, four years later. Under the circumstances, her testimony that the floor was wet and that there were no warnings signs, is of no merit to the Court.”
A reviewing court is precluded from setting aside the trial court’s findings of fact, absent a conclusion that the trial court committed manifest error. Arceneaux v. Do-mingue, 365 So.2d 1330 (La.1978). Where there is conflicting testimony, reasonable inferences of fact should not be disturbed, even when the appellate court may feel its own evaluations and inferences are as reasonable as the trial court’s. Rosell v. ESCO, 549 So.2d 840 (La.1989). “Where there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong.” Id., at 844.
Our review of the record shows ample support for the trial court’s factual findings. Further, we agree with the trial court that Winn Dixie’s actions were reasonably prudent in exercising their duty of care.
Finally, plaintiffs argue the trial court erred in not requiring defendant to produce the testimony of those employees whose job responsibilities included inspection and cleanup of the area of the customer’s fall. However, we note that the statute requires the testimony of the employee whose duties include inspection or cleanup of the area.
Defendant presented the testimony of Mr. Webre who testified it was his duty to inspect the area; he inspected the area approximately one-half hour before the accident; he had Antoine Fuller, the non-testifying employee, mop the area approximately 10 to 15 minutes before the accident, and he inspected the area after Mr. Fuller mopped and it was not damp. Thus, as Mr. Webre’s duties included inspection of the premises, his testimony met the statutory requirement and the testimony of Mr. Fuller was not required.
For the foregoing reasons, the trial court judgment is affirmed. Plaintiffs to bear all costs of this appeal.

AFFIRMED