499 So.2d 469 (1986)
Mary Lou HALL, Plaintiff-Appellant,
v.
The KROGER COMPANY, Defendant-Appellee.
No. 18166-CA.
Court of Appeal of Louisiana, Second Circuit.
December 3, 1986.
*470 Kennedy, Goodman & Donovan by Frank S. Kennedy, Shreveport, for plaintiff-appellant.
Lunn, Irion, Johnson, Salley & Carlisle by James B. Gardner, Shreveport, for defendant-appellee.
Before MARVIN, JASPER E. JONES and FRED W. JONES, Jr., JJ.
FRED W. JONES, Jr., Judge.
Plaintiff sued the defendant grocery store owner for injuries allegedly received in a "slip and fall" incident on defendant's premises. From a judgment in favor of defendant, plaintiff appealed. For the reasons hereinafter set forth, we affirm.
According to evidence presented at the trial, plaintiff entered defendant's store between five and six o'clock P.M. on November 19, 1983. It had been raining for some time and was either still raining, or had just stopped, when plaintiff entered the business place. Plaintiff stated that she was just inside the store entrance when she slipped in water accumulated on the floor and fell. It was her assertion that she observed no warning signs until after the fall.
A store employee testified that she saw plaintiff fall to one knee and then sit on the floor. When the employee offered assistance, plaintiff complained only of pain in her ankle and proceeded to complete her shopping. The employee described the floor as "damp", but stated that there were no puddles of water on the surface. She said that employees had been instructed to mop the floor frequently because of rain being tracked in by the customers. Further, store employees allegedly placed several orange cones with caution signs in the entry area.
In a written opinion, the trial judge concluded:
"It is the opinion of the court that there was only a small amount of water on the floor. The actions taken by the defendant were adequate to attempt to warn customers of the possibility of water on the floor, to prevent it from being there and to inspect the area and remove any water that did get there."
Plaintiff argues on appeal that the trial court erred in determining defendant was not guilty of negligence in "not keeping the floor of its store in a safe condition on which to walk."
In Johnson v. Tayco Foods, 475 So.2d 65 (La.App.2d Cir.1985), writ denied, 478 So.2d 149 (La.1985), involving similar factual circumstances, we pointed out:
"The high duty of a storeowner is twofold, first to discover unreasonably dangerous conditions, and secondly, to take reasonable steps to prevent injury resulting from the unreasonably dangerous condition.... Proof of an accident is not proof of fault.... A storeowner is not the insurer of the safety of its customer....

*471 "We have recognized that a storekeeper should not be responsible for keeping his store completely dry of tracked-in rainwater.... On the other hand, regular, continuous mopping may, or may not, under particular circumstances, achieve the legal standard of care.... Each slip and fall case must be decided on its own circumstances." p. 68.
Our review of this record leads to the conclusion that the trial judge was not clearly wrong in his finding that there was only a small amount of water on defendant's floor and that the store employees had taken reasonable steps to warn customers of the presence of that water. Under these circumstances, an unreasonably dangerous condition did not exist on defendant's store premises. Further, even if that condition existed, defendant had taken proper steps to prevent injury resulting from the condition.
For these reasons we affirm the district court judgment, at plaintiff-appellant's cost.