726 So.2d 1101 (1999)
Debra R. DAVIS, Plaintiff-Appellee,
v.
WAL-MART STORES, INC., Defendant-Appellant.
No. 31,542-CA.
Court of Appeal of Louisiana, Second Circuit.
January 22, 1999.
*1102 Vicki C. Warner, Shreveport, Counsel for Appellant.
William D. Hall, Shreveport, Counsel for Appellee.
Before BROWN, STEWART and PEATROSS, JJ.
BROWN, J.
In this slip and fall action, defendant, Wal-Mart Stores Inc.("Wal-Mart"), appeals the trial court's judgment awarding plaintiff, Debra Davis, general damages and medical expenses. For the following reasons, we amend the judgment and as amended, affirm.

FACTS
On March 20, 1996, between 2:30 and 3:00 p.m., plaintiff, Debra Davis, entered the Wal-Mart store formerly located on Shreveport-Barksdale Highway in Shreveport, Louisiana. Ms. Davis, who was employed as a store manager at Babbages, Etc., a computer software store, had gone to Wal-Mart to buy cleaning supplies.[1] As Ms. Davis approached the aisle where the cleaning supplies were located, she looked to her left and saw a Wal-Mart employee wearing a blue vest kneeling in the aisle. Ms. Davis testified she was not exactly sure what the employee was doing but that she "assumed he was straightening up the shelf." Ms. Davis turned to her right and proceeded down the aisle in the opposite direction of the Wal-Mart employee and picked up the items she came to purchase. During this time, the Wal-Mart employee left the aisle. After getting the cleaning supplies, Ms. Davis turned around and walked back down the aisle. When Ms. Davis reached the area where the Wal-Mart employee had previously been kneeling she slipped and fell. She testified on cross examination that the time between seeing the kneeling Wal-Mart employee and her fall was "probably just a few seconds because I just picked up my supplies ... when I turned around to go up the aisle he had left."
In the fall, some of the contents of Ms. Davis's purse spilled onto the floor, as well as the items she intended to buy. Ms. Davis immediately went for help. She located Shannon Donley, an assistant manager on duty at the time of the incident, and he and an unidentified Wal-Mart employee accompanied Ms. Davis back to the area where she had fallen. Mr. Donley investigated the scene and filled out a standardized Wal-Mart incident report.
The next day, March 21, 1996, Ms. Davis sought treatment from a chiropractor. Dr. M. Shamsabady, at the Barksdale Chiropractic Clinic. For approximately three months, Dr. Shamsabady treated Ms. Davis's injuries with therapeutic massages, hot and cold packs, electrical stimulation and adjustments of the spine. During the three months of treatment Ms. Davis continued to work. Ms. Davis testified that her injuries healed and that she did not have any other problems after she completed her treatment with Dr. Shamsabady.
Ms. Davis filed a personal injury claim against Wal-Mart Stores, Inc. A bench trial was held on February 2, 1998. The trial court rendered judgment in favor of plaintiff, awarding her $9,205 in damages and medical expenses. Defendant appeals.

APPLICABLE LAW
The law in effect at the time of this March 20, 1996 accident was the prior version of La. R.S. 9:2800.6,[2] which stated:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

*1103 B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence;
(3) The merchant failed to exercise reasonable care.
C. Definitions:
(1) "Constructive notice" means the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.
(2) "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business.
D. Nothing herein shall affect any liability which a merchant may have under Civil Code Arts. 660, 667, 669, 2317, 2322 or 2695.

DISCUSSION
LIABILITY
The supreme court's leading interpretation of La. R.S. 9:2800.6 is White v. Wal-Mart Stores, Inc., 97-0393 (La.09/09/97), 699 So.2d 1081. In White, the court emphasized that in addition to proving all other elements of the cause of action, the claimant must prove each of the enumerated requirements of 9:2800.6(B). Therefore, for Ms. Davis to recover in the case at bar, she had to establish that: a condition presenting an unreasonable risk of harm existed and that risk of harm was reasonably foreseeable; prior to the occurrence, Wal-Mart either (1) created or (2) had actual knowledge or (3) constructive knowledge of the condition which caused the damage; and Wal-Mart failed to exercise reasonable care.
The trial court's factual findings are accorded great weight and may not be disturbed by a reviewing court in the absence of manifest error. Rosell v. ESCO, 549 So.2d 840 (La.1989); Rodgers v. Brookshire Grocery Company, 29,920 (La.App.2d Cir.10/29/97), 702 So.2d 11. To reverse a trial court's factual determinations, a court of appeal must find from the record that there is no reasonable factual basis for the findings and that the findings are clearly wrong or manifestly erroneous. Thompson v. Coates, 29,333 (La.App.2d Cir.05/07/97), 694 So.2d 599, writ denied, 97-1442 (La.09/26/97), 701 So.2d 985.
It is the factfinder's duty to weigh credibility and to accept or reject all or part of a witness's testimony. Welch v. Winn-Dixie Louisiana, Inc., 94-2331 (La.05/22/95), 655 So.2d 309. Where there is a conflict in the testimony, reasonable evaluations of credibility should not be disturbed on appeal. Rosell, supra. Where there are two permissible views of the evidence, the factfinder's choice cannot be manifestly erroneous or clearly wrong. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993).
In its brief, Wal-Mart states that "it is not disputed that a hazardous condition existed ... (but that) even if a hazardous condition did exist, the plaintiff must still prove that Wal-Mart either created or had actual or constructive notice of the hazardous condition and that Wal-Mart failed to exercise reasonable care." Mindful of the credibility calls and factual findings of the trial court, we proceed to those issues.
The aisle where the fall occurred intersected with another aisle. Plaintiff testified that she was walking up the other aisle and at this intersection she looked to her left and saw a Wal-Mart employee kneeling in the aisle; that she went to her right to get the cleaning items she had come for; that she then turned to proceed back down the aisle; that she noticed that the employee had left; that she walked down the aisle; and, that she slipped and fell at the place where the employee had been kneeling. Plaintiff further testified that there was an oil-based substance on the floor and stated that at the *1104 scene Mr. Donley, the assistant manager, agreed.
The defense attempted to rebut plaintiff's testimony with a standardized Wal-Mart incident report filled out by the assistant manager. After hearing Mr. Donley's testimony regarding the content of the incident report, the trial court concluded that it contained "numerous discrepancies, self-serving, misleading and deceptive statements."
The only other witness for the defense was the Wal-Mart employee, Huey Gardner, who was in charge of "zoning" the area in which plaintiff slipped and fell.[3] Mr. Gardner testified that he did not know if he was the employee plaintiff saw kneeling on the floor over the spot where she fell or whether he saw Ms. Davis before the fall. However, he claimed he was sure that there was not a spill on the aisle when he "zoned" it less than ten minutes before plaintiff's fall. The trial court noted in its opinion that both Mr. Gardner and Mr. Donley "seemed to lack sufficient knowledge or memory of the event at issue" and found that the defense offered no credible evidence to rebut the plaintiff's testimony.
In its written opinion the trial court found plaintiff to be a credible witness; however, as for defense witnesses, she noted that they "lack(ed) sufficient knowledge or memory of the event at issue" and found "numerous discrepancies, self-serving, misleading, and deceptive statements in the incident report which was provided by Wal-Mart." Based on our review of the entire record, these credibility findings are not unreasonable.
Given the above, there was a reasonable basis for the trial court's findings that: there was an oil-based, slippery substance on the floor that created an unreasonable risk of harm (testimony by plaintiff that she and the assistant manager agreed there was a clear oil-based substance on the floor); the risk was reasonably foreseeable (plaintiff's testimony that cleaning supplies were on display on this aisle as opposed to dry goods or clothing); Wal-Mart employees either created or had actual notice of the hazardous condition (plaintiff testified that a Wal-Mart employee was kneeling at that spot moments before the accident); and Wal-Mart failed to exercise reasonable care (the employee did not properly clean-up the hazard or warn the shoppers of its existence).
Defendant further contends that plaintiff failed to meet her burden of proof because she did not show how long the slippery substance had been on the floor before she fell. Defendant argues that the trial court relied on Mr. Gardner's testimony, who allegedly zoned the area ten minutes before the fall, to establish the length of time the hazard was present. Defendant concludes that this did not satisfy plaintiff's burden required under White, supra, because it was only indirect evidence showing the possible length of time that the condition may have existed. This argument, however, disregards the trial court's disbelief of Mr. Gardner and relates only to the definition of "constructive knowledge."
Unlike the cases relied upon by defendant, the case at bar involves testimony that an employee was kneeling over the hazardous area a short time before the fall. Because the Wal-Mart employee was over the hazardous condition only moments before the accident, the trial court found that the employee either created or had actual notice of the condition. The definition of constructive notice involves a condition that existed for such a time that it should have been discovered with reasonable care, not a known condition as existed in this case.
DAMAGES
Defendant argues that the damages awarded by the trial court to plaintiff are excessive. In assessing damages in cases of offenses, quasi-offenses and quasi-contracts, much discretion is left to the judge or jury. La. C.C. Art. 2324.1. Before an appellate court may disturb such an award, the record must clearly reveal that the trier of fact abused its broad discretion in making the award, based on the facts and circumstances peculiar to the case and the individual under *1105 consideration. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994); Evans v. Klibert, 27,101 (La. App.2d Cir. 08/23/96), 660 So.2d 167.
The slip and fall occurred on March 20, 1996. The next day, Ms. Davis, who was employed as a manager at a local computer software store, sought treatment from a chiropractor. She was released within three months, on June 14, 1996, with a good prognosis after having shown 90% relief of her symptomatic state. She was never hospitalized nor did she ever miss any time from work.
The trial court awarded Ms. Davis $7,500 in general damages and $1,705 in medical expenses. Considering the facts of this case, we find that the general damage award is an abuse of discretion. We believe that the highest amount that could have been awarded was $4,500. See Manuel v. State Farm Mutual Automobile Co., 30,765 (La.App.2d Cir.08/19/98), 717 So.2d 277. Thus, we amend the judgment to award $4,500 in general damages and $1,705 in medical expenses.

CONCLUSION
For the reasons set forth above, the judgment of the trial court is AMENDED to award damages in the amount of $6,205 and AS AMENDED, AFFIRMED. Costs are assessed to defendant-appellant.
NOTES
[1] Specifically, "409" and air fresheners.
[2] The 1996 amendment to the statute specifically states that it applies only to causes of action arising on or after May 1, 1996.
[3] Zoning is a term used by Wal-Mart to describe a heightened time for an employee to look for hazardous conditions.