| j>DALEY, Judge.
Plaintiff, Mary Feeney Passalaqua, appeals a judgment that found Wal-Mart Stores, Inc. not liable to her for her slip and fall accident. The trial court concluded that plaintiff had failed to carry her burden of proof that Wal-Mart knew or should have known of the hazardous condition, a puddle of water. The trial court further found that Wal-Mart employed reasonable procedures to keep its store free from hazards. After thorough consideration of the record, we affirm.

LAW

Slips and falls on a merchant’s premises are governed by LSA-R.S. 9:2800.6. That statute requires a merchant to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
| aPassalaqua testified that, at trial, she was 51 years old. At the time of the accident, on October 4, 1995, she was employed as a cocktail waitress at the Maison Bourbon Jazz Club in the French Quarter. On the day in question, she entered the Behrman Highway Wal-Mart at about 1:09 p.m. It had rained on and off all day and was raining at that time. She testified that she was wearing Nike rubber soled running shoes. As she entered, she said hi to Mr. Leo, the greeter. Passalaqua testified that she slipped on a puddle of water as she reached to get a cart. She said that she fell on her “tail” and landed in the puddle. Passalaqua testified that the carts were wet and were dripping water on the floor.
Passalaqua testified that Mr. Leo helped her up and he called the manager. While she waited for the manager to arrive, she noticed that the buggies were dripping water on to the floor. The manager arrived and filled out the accident report. Afterwards, the plaintiff was too upset to continue shopping, so she left and went to see her family doctor, Dr. Simonsen.
On cross, Passalaqua explained that the parking lot was wet and covered with puddles. To enter the store, she had to cross through a covered foyer. She did not notice any dirt or puddles in the foyer area. She clarified that she was approximately two feet from the buggies when she fell, and that the puddle of water was about eight to ten inches in diameter. Passalaqua pointed out the puddle to the manager, Dwain Scott, when he arrived. She didn’t notice any other puddles, but *260 she noticed that it was wet underneath the buggies. Defense counsel showed her a photograph of the buggy area, taken just after her accident by the manager. Passa-laqua did not recall the caution cones, signs, floor mats, mop and bucket, and flower arrangement that the picture showed were present.
| ¿The plaintiff then called Mr. Dwain Scott, the assistant manager of the Wal-Mart store. He testified that he responded to the report that Ms. Passalaqua fell, and that he filled out the accident report, which he identified. Mr. Scott explained his usual procedure when filling out an accident report. He agreed that Ms. Pas-salaqua reported that she slipped and fell in a puddle of water. Scott testified that he spoke with Mr. Leo in detail about this accident, because the two of them were members of the “safety” team whose responsibilities were to keep the store safe from accidents like this one. Mr. Leo did not witness the plaintiff fall, but did help her up. Mr. Scott testified that there was no puddle of water on the floor.
Mr. Scott described his rainy day procedures. Large floor mats, approximately 10 feet by 10 feet, are placed inside the entrance of the store, before the buggies. The mats extend to where the buggies start. If the buggies were dripping water, they would have dripped on the rugs. The people greeters have towels and wipe off the buggies as they are brought inside the store. Sometimes when it is very busy, the greeters might' not be able to wipe every cart, but they wipe as many as possible. Additionally, a mop and bucket is kept in the front so that the greeters can use it to wipe up any accumulated water. Cones and caution signs are also used to warn customers that the floor might be wet. The greeters also give out umbrella bags, so patrons can prevent their wet umbrellas from dripping as they shop. Scott testified that the cones and signs had been present all day.
The accident report differed in a few respects from plaintiffs testimony: Mr. Scott said that Passalaqua told him she fell right in front of the rugs, very near where a caution cone was placed. He said she did not tell him that she fell near the buggies. Scott said that he always wrote whatever the customer said in the accident report. Mr. Scott said that for Ms. Passa-laqua to have fallen on the tile floor, she would have ^already gotten a buggy and had to have walked ten feet across the floor rugs to have reached the tile.
Scott testified that it is standard slip and fall procedure to photograph the scene immediately, and he did. He did not see any water on the tile floor, and the picture reflects that. He said that the picture accurately reflects the scene at the time of the accident.
On redirect, Mr. Scott again testified that on some busy rainy days, not every cart gets wiped down completely.
At the close of plaintiffs case, defendant moved for an involuntary dismissal, which was denied. The court asked for post trial memoranda, and the case was taken under advisement.
The trial judge ruled in favor of defendant. The court found that plaintiff had failed to meet her burden of proof that Wal-Mart breached its duty to exercise reasonable care under the circumstances. The court further found that plaintiff had failed to prove that Wal-Mart “either created or had actual or constructive notice of the condition which caused the damage, prior to occurrence.” The trial court also found that plaintiff failed to prove that Wal-Mart, “failed to exercise reasonable care.”
In a negligence claim brought against a merchant because of a fall due to a condition existing in or on a merchant’s premises, the plaintiff must show all of the following: (1) The condition presented 'an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable; (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior *261 to the occurrence; (3) The merchant failed to exercise reasonable care. LSA-R.S. 9:2800.6.
|fiWe agree with the trial court. Wal-Mart’s rainy day safety measures were organized, prudent, and pro-active. Recognizing that wet carts were an issue, as well as water being tracked into the store, Wal-Mart’s safety measures provided overlapping coverage to see that water on the floor was minimized or eliminated. Plaintiff presented no evidence as to how long the puddle had been on the floor, and the manager disputed that there had even been a puddle of water on the floor. We can not say that the trial court committed manifest error in finding that plaintiff failed to carry her burden of proof, both as to the duration of the spill and Wal-Mart’s notice of it, and as to rebut the reasonableness of Wal-Mart’s exercise of reasonable care. See White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97), 699 So.2d 1081.
The trial court’s judgment is affirmed. Each party to pay their own costs.
AFFIRMED.