775 So.2d 1093 (2000)
Ella HARDMAN, Plaintiff-Appellee,
v.
The KROGER COMPANY, Defendant-Appellant.
No. 34,250-CA.
Court of Appeal of Louisiana, Second Circuit.
December 6, 2000.
Rehearing Denied January 18, 2001.
*1094 Mayer, Smith & Roberts by Steven E. Soileau, Shreveport, Counsel for Appellant.
Williams & Williams by David S. Williams, Lake Charles, Counsel for Appellee.
Before BROWN, GASKINS and CARAWAY, JJ.
BROWN, J.
This appeal arises out of a rainy day slip and fall accident. Defendant, Kroger Company, has appealed from the trial court's judgment in favor of plaintiff, Ella Hardman. Because we find that plaintiff failed to meet the burden of proof mandated by La. R.S. 9:2800.6, we reverse the trial court's judgment and dismiss plaintiffs claim.

Facts and Procedural Background
Plaintiff, Ella Hardman, fell as she entered the Kroger Grocery Store located at 1867 Nelson Street in Shreveport, Louisiana, at about 8:50 a.m. on Sunday, February 1, 1998. The 54-year-old plaintiff had been driven to the store by her daughter Lashonda. Because it was raining, Lashonda dropped her mother and her two-year-old daughter off at the front door. As plaintiff entered the foyer area of the store, she took a couple of steps, slipped and fell, sustaining a non-displaced fracture of her right ankle.
Plaintiff filed suit against defendant on December 28, 1998. Trial was held on February 1, 2000. The trial court concluded that defendant had actual or constructive notice of the wet condition of the floor prior to plaintiffs fall and that under the circumstances defendant failed to exercise reasonable care. The court found plaintiff to be comparatively at fault and assessed fault as follows: 65% to defendant and 35% to plaintiff. Damages in the amount of $23,666.47 were awarded to plaintiff ($16,033.20 after reduction for her percentage of fault). It is from this judgment that defendant has appealed.

Discussion
La. R.S. 9:2800.6 is the statute which governs negligence claims brought against a merchant for damages resulting from injuries arising out of a fall due to a condition existing in or on the merchant's premises.
La. R.S. 2800.6 as amended by Acts 1996, 1st Ex.Sess., No. 8, § 1, effective May 1, 1996, provides in pertinent part:
(A) A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
(B) In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

*1095 (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
As emphasized by the supreme court in White v. Wal-Mart Stores, Inc., 97-0393 (La.09/09/97), 699 So.2d 1081, in order to recover, a claimant must prove, in addition to all other elements of the cause of action, each of the enumerated requirements of La. R.S. 9:2800.6(B). See also Rodgers v. Food Lion, Inc., 32,856 (La. App.2d Cir.04/05/00), 756 So.2d 624, writ denied, 00-1268 (La.06/16/00), 765 So.2d 339; Davis v. Wal-Mart Stores, Inc., 31,542 (La.App.2d Cir.01/22/99), 726 So.2d 1101. Failure to prove any of these required elements will prove fatal to a plaintiff's claim. White, supra; Alexander v. Wal-Mart Stores, Inc., 96-1598 (La.App. 3d Cir.02/04/98), 707 So.2d 1292, writ denied, 98-0572 (La.04/24/98), 717 So.2d 1169.
It is defendant's contention that plaintiff did not bear her burden of proving that defendant failed to exercise reasonable care and that the trial court erred in concluding otherwise. Certainly the store knew that it was raining and that water could be tracked inside. At issue is whether defendant took reasonable measures to protect against this hazard.
Merchants are required to exercise reasonable care to protect those who enter the store, keep the premises safe from unreasonable risks of harm and warn persons of known dangers. Ward v. ITT Specialty Risk Services, Inc., 31,990 (La. App.2d Cir.06/16/99), 739 So.2d 251, writ denied, 99-2690 (La.11/24/99), 750 So.2d 987; Leonard v. Wal-Mart Stores, Inc., 97-2154 (La.App. 1st Cir.11/06/98), 721 So.2d 1059. Although the owner of a commercial establishment has an affirmative duty to keep the premises in a safe condition, he is not the insurer of the safety of his patrons. Ward, supra; Tanner v. Brookshire Grocery Company, 29,276 (La. App.2d Cir.04/02/97), 691 So.2d 871. A store owner is not liable every time an accident happens. Ward, supra; Leonard, supra.
The merchant's duty of care requires that reasonable protective measures, including periodic inspections, are undertaken to ensure that the premises are kept free from substances that might cause a customer to fall. Ward, supra; Stevens v. Winn-Dixie of Louisiana, 95-0435 (La.App. 1st Cir.11/09/95), 664 So.2d 1207. Whether measures taken are reasonable must be determined in light of the circumstances of each case. Ward, supra. As noted by the court in Stockwell v. Great Atlantic & Pacific Tea Co., 583 So.2d 1186 (La.App. 1st Cir.1991) (citations omitted), the degree of vigilance must be commensurate with the risk involved, as determined by the overall volume of business, the time of day, the section of the store and other relevant considerations.
Mindful of the great weight to be given to the trial court's factual findings and credibility determinations, we will examine the testimony and documentary evidence of record.
Melissa Davis, who was working as a courtesy clerk at Kroger at the time of plaintiffs fall, testified that her primary duty was bagging and taking groceries to customers' vehicles. As were the other clerks, she had been instructed by store management to watch out for floor conditions, particularly on rainy days. On the date of the accident, February 1, 1998, Ms. Davis worked from 6:00 a.m. to 3:00 p.m. She noted that on that day, it began raining real hard around 7:30 a.m. At that time, she put out mats with rubber bottoms and warning cones.
*1096 As a customer enters the store from the outside, he must step into a foyer, turn to the right, then walk into the store area through another set of automatic doors. Ms. Davis stated that she put one mat outside the entrance to the foyer to prevent water from being tracked inside. The entrance door, which is electronic, swings open into the foyer area. Ms. Davis testified that she did not place another mat immediately on the inside of this door, where plaintiffs fall occurred, because a mat at that spot could catch on the automatic door, bunch up and pose a tripping hazard. She also placed mats on both sides of the door leading into the store area. In addition to the mats, Ms. Davis placed yellow, triangular warning cones at each of those locations.
On the morning of the accident, Ms. Davis stated that she checked the floors periodically for water as she carried groceries out for customers. In fact, she dry mopped the foyer area not long before plaintiffs accident. Ms. Davis estimated that she was in and out of the store every ten minutes that morning and that each time she was, she made sure the floor was dry.
The co-manager in charge of the store on the morning of the accident was David Carey. He arrived around 7:00 a.m. on that day. Because of the rainy and windy conditions, Mr. Carey had Ms. Davis put out the mats and warning cones. After he learned of plaintiffs fall, he immediately went to the front of the store and found plaintiff laying in the foyer just inside the first set of doors. Mr. Carey stated that the photographs of the area were taken by him immediately after the paramedics helped plaintiff to her daughter's vehicle. The photos show three mats and two warning signs. Mr. Carey pointed out, however, that there were three caution cones at the time of plaintiffs accident, one of which he moved after plaintiffs fall to accommodate the paramedics.
Mr. Carey explained that placement of a mat just inside the first set of automatic doors would result in the mat "bunching up," which would present a serious trip hazard. He noted that there was a floor mat and caution cone as one entered the foyer from the outside and also in the foyer at the second set of doors. Thus, plaintiff would have passed a warning cone and walked across a floor mat prior to her fall in the foyer. While there was not a mat where plaintiff fell, had she taken another three or so steps, she would have been on another mat in front of the doors leading into the store. Mr. Carey noted that there are no written rules as to number or placement of mats and cones. Instead, the location and number is dependent upon the weather conditions. Mr. Carey related that the courtesy clerks are trained to mop up any water they see or to inform him of wet conditions so that the floor can be cleaned up immediately. Mr. Carey was unable to think of anything else the store employees could have done to prevent some amount of water from being tracked into the store on a rainy day.
Linda Thomas was working as a cashier the morning that plaintiff fell. While Ms. Thomas did not witness the accident, she did see plaintiff sitting on the tile floor in the foyer after her fall. Ms. Thomas did not recall there being any water on the floor. Because she was at the third register from the entrance, Ms. Thomas was pretty certain that she would have seen water had there been an accumulation. Ms. Thomas testified that there was a caution cone in the foyer between the two sets of doors. She stated that it was store policy for warning cones and extra mats to be put out on rainy days. Ms. Thomas confirmed the testimony of both Ms. Davis and Mr. Carey that placement of a mat directly inside the foyer entrance was not possible because the rug would bunch up and trip customers.
As noted in the above cited cases, to require a merchant to keep the entrance foyer completely dry during rainy weather or to hold him responsible for every slick place due to tracked in rain water would, *1097 in effect, make him an insurer of his customers' safety. Clearly this is not required. Hall v. Kroger Company, 499 So.2d 469 (La.App. 2d Cir.1986); Edwards v. Piggly Wiggly Operators Warehouse, Inc., 401 So.2d 493 (La.App. 2d Cir.1981); Stockwell, supra.
In the following cases, the merchant was found to have exercised reasonable care. In each of these cases, the store owner was able to show that he had a procedure in place to deal with extra water resulting from rainy weather and that the procedure was followed. See Ward, supra; Dawson v. Brookshire Grocery Co., 31,042 (La. App.2d Cir.09/23/98), 718 So.2d 623; Tannehill v. Brookshire Grocery Co., 588 So.2d 1282 (La.App. 2d Cir.1991), writ denied, 592 So.2d 1334 (La.1992); Hall, supra; Johnson v. Tayco Foods, 475 So.2d 65 (La.App. 2d Cir.1985), writ denied, 478 So.2d 149 (La.1985); Feeney-Passalaqua v. Wal-Mart Stores, Inc., 00-44 (La.App. 5th Cir.05/30/00), 762 So.2d 258; Stockwell, supra; Crandell v. Winn-Dixie Louisiana, Inc., 580 So.2d 967 (La.App. 5th Cir. 1991).
The evidence in this case leads to the unequivocal conclusion that defendant's rainy day safety measures were organized, prudent and reasonable. Defendant showed not only that it had a policy for detecting and removing water tracked in by customers, for warning patrons and for protecting their footing as they entered the store, but also that these measures were being carried out at the time that plaintiff fell. There was no evidence to the contrary.
Based upon this record, the trial court's finding that plaintiff met the required burden of proof is clearly wrong. Having determined that plaintiff failed to prove that defendant did not exercise reasonable care, as required by La. R.S. 9:2800.6(B)(3), it is not necessary for us to address defendant's contention that plaintiff also failed to prove that defendant had actual or constructive notice of the condition prior to plaintiffs accident, as required by La. R.S. 9:2800.6(B)(2).

Conclusion
For the foregoing reasons, the judgment of the trial court is REVERSED. Judgment is hereby RENDERED in favor of defendant, Kroger Company, dismissing the suit of plaintiff, Ella Hardman, with prejudice. Costs of this appeal are assessed against plaintiff.

APPLICATION FOR REHEARING
Before BROWN, STEWART, GASKINS, CARAWAY and DREW, JJ.
Rehearing Denied.