785 So.2d 161 (2001)
Ruby TURNER, Plaintiff-Appellant
v.
BROOKSHIRE GROCERY COMPANY d/b/a Super 1 Foods and Nutmeg Insurance Company, Defendant-Appellee.
No. 34,562-CA.
Court of Appeal of Louisiana, Second Circuit.
April 4, 2001.
*162 Law Offices of Jack M. Baily, Jr. by J. Allen Cooper, Jr., Counsel for Appellant.
Mayer, Smith & Roberts, L.L.P. by Ben Marshall, Jr., Shreveport, Counsel for Appellee.
Before BROWN, CARAWAY and DREW, JJ.
CARAWAY, J.
This is a personal injury action arising from a slip and fall on a rainy day at defendant's grocery store. The accident occurred as plaintiff neared the entrance/exit doors while exiting the store. After a bench trial, the trial court ruled in favor of the defendant and dismissed plaintiff's action. Finding no manifest error in the determination that the defendant store exercised reasonable care with its rainy day safety measures, we affirm.

Facts
Ruby Turner ("Turner") went shopping at Brookshire Grocery Company d/b/a Super One Foods ("Super One"). Since it was raining, Turner's daughter dropped her off at the front door. After shopping for 30 minutes and checking out, Turner began to exit the store, carrying one bag of groceries in each hand. As she neared the exit door, Turner's left leg slid out in front of her. She fell on her right knee and fractured her knee cap. She then fell backward and injured her tailbone.
There was conflicting testimony at trial as to what actually caused Turner's fall. Turner contends that she slipped on water that was tracked on the tile floor near the entrance/exit area of the store. On the other hand, Brian Nelson, a Super One assistant manager, stated that Turner told him that she bumped into a shopping buggy and fell.
Turner filed suit against Super One and the store's insurer. After a bench trial, the trial court issued its written findings of fact and reasons for judgment, finding:
1) the incident occurred on September 12, 1998, at the defendant's store located at 2640 Waggoner Street in Shreveport, Louisiana;
2) on the day of the accident, it had been raining. The defendant's employees placed mats just inside the front door to absorb water as customers entered the store. Mats were not placed in front of the doors customers used to exit the store;

*163 3) employees also testified that wet floor signs were placed just inside the entrance of the store, near the outside wall and at the end of the mat by the door customers used to enter the store;
4) as the plaintiff was walking toward the door used to exit the store, she walked around one customer who was talking to another customer. As she did, she fell to the floor;
5) store employees testified at trial that they had been dry mopping the area near the front doors at least every ten to fifteen minutes, and that the area where the plaintiff fell had been mopped within at least ten to fifteen minutes prior to her fall;
6) the store employee who came to help the plaintiff after her fall testified that (a) he did not notice any water on the floor around the area where the plaintiff fell, (2) that he did not get his clothes wet when he kneeled down to help the plaintiff, and (3) that the plaintiff told him that as she was walking between the two customers who had stopped to talk, she bumped into one of their buggies, causing her to fall.
Based on these factual findings, the trial court ruled that the evidence did not support the conclusion that Super One breached its duty to keep its aisles, passageways and floors in a reasonably safe condition; therefore, the trial court dismissed Turner's suit.

Discussion
La. R.S. 9:2800.6 governs negligence claims brought against merchants for injuries and damages arising out of an accident caused by a condition existing in or on the merchant's premises. La. R.S. 9:2800.6 provides in pertinent part:
(A) A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
(B) In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
In White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97), 699 So.2d 1081, the supreme court stated that in order to recover, a plaintiff must prove, in addition to all other elements of the cause of action, each of the enumerated requirements of La. R.S. 9:2800.6(B). See also Rodgers v. Food Lion, Inc., 32,856 (La.App.2d Cir.4/5/00), 756 So.2d 624, writ denied, XXXX-XXXX (La.6/16/00), 765 So.2d 339; Davis v. Wal-Mart Stores, Inc., 31,542 (La.App.2d Cir.1/22/99), 726 So.2d 1101. A trial court's finding of liability for damages *164 caused by a slip and fall accident at the defendant's place of business, as well as the presence of comparative fault, are factual determinations that will not be disturbed absent manifest error or unless clearly wrong. Barton v. Wal-Mart Stores, 97-801 (La.App. 3d Cir.12/10/97), 704 So.2d 361; Myles v. Brookshires Grocery Co., 29,100 (La.App.2d Cir.1/22/97), 687 So.2d 668.
Merchants are required to exercise reasonable care to protect those who enter the store, keep the premises safe from unreasonable risks of harm and warn persons of known dangers. Ward v. ITT Specialty Risk Services, Inc., 31,990 (La. App.2d Cir.6/16/99), 739 So.2d 251, writ denied, 99-2690 (La.11/24/99), 750 So.2d 987; Leonard v. Wal-Mart Stores, Inc., 97-2154 (La.App. 1st Cir.11/6/98), 721 So.2d 1059; Hardman v. Kroger Co., 34,250 (La.App.2d Cir.12/6/00), 775 So.2d 1093. Although the owner of a commercial establishment has an affirmative duty to keep the premises in a safe condition, he is not the insurer of the safety of his patrons. Fuller v. Wal-Mart Stores, Inc., 577 So.2d 792 (La.App. 2d Cir.1991); Ward, supra; Tanner v. Brookshire Grocery Co., 29,276 (La.App.2d Cir.4/2/97), 691 So.2d 871; Hardman, supra. A store owner is not liable every time an accident happens. Ward, supra; Leonard, supra; Hardman, supra.
To require a merchant to keep the entrance/exit areas completely dry during rainy weather, or to hold the merchant responsible for every slick place due to tracked in rain water would, in effect, make him an insurer of his customer's safety. Hardman, supra. Clearly, this is not required under La. R.S. 9:2800.6. Hall v. Kroger Company, 499 So.2d 469 (La. App. 2d Cir.1986); Edwards v. Piggly Wiggly Operators Warehouse, Inc., 401 So.2d 493 (La.App. 2d Cir.1981); Stockwell v. Great Atlantic & Pacific Tea Co., 583 So.2d 1186 (La.App. 1st Cir.1991).
The jurisprudence establishes actions deemed reasonable during rainy day situations. In each of these cases, the merchant was able to show that it had a procedure in place to deal with extra water resulting from rainy weather, and that the procedure was followed by its employees. See, Hardman, supra; Ward, supra; Dawson v. Brookshire Grocery Company, 31,042 (La.App.2d Cir.9/23/98), 718 So.2d 623; Hirsch v. Winn Dixie Louisiana, Inc., 93-967 (La.App. 5th Cir.4/14/94), 635 So.2d 777, writ denied, 94-1375 (La.9/16/94), 642 So.2d 196; Tannehill v. Brookshire Grocery Company, 588 So.2d 1282 (La.App. 2d Cir.1991), writ denied, 592 So.2d 1334 (La.1992); Hall, supra; Johnson v. Tayco Foods, 475 So.2d 65 (La.App. 2d Cir.), writ denied, 478 So.2d 149 (La.1985); Feeney Passalaqua v. Wal-Mart Stores, Inc., 00-44 (La .App. 5th Cir.5/30/00), 762 So.2d 258; Stockwell, supra; Crandell v. Winn-Dixie Louisiana, Inc., 580 So.2d 967 (La.App. 5th Cir.1991).
The jurisprudence also contains cases in which the store was found not to have exercised reasonable care during rainy day situations. In these cases, the store either had no procedure to deal with rain, had inadequate procedures, and/or failed to follow their own procedures. Ward, supra.; See Edwards, supra.; Barton, supra; Oalmann v. K-Mart Corp., 630 So.2d 911 (La.App. 4th Cir.1993), writ denied, 94-0244 (La.3/18/94), 634 So.2d 859; Laborde v. Winn Dixie Louisiana, Inc., 563 So.2d 994 (La.App. 4th Cir.), writ denied, 568 So.2d 1062 (La.1990).
Along the front of the Super One building is an entrance/exit corridor where the accident occurred. The entrance and exit doors automatically open and are side-by-side. Turner had previously walked through the entrance door across a lengthy mat (approximately eight feet) and *165 beside a yellow warning sign. She walked along the corridor to the place where the customers turned through a large opening into the main lobby area of the store. At that point in the lobby, there was a yellow warning cone. Turner had retraced her route and was in the corridor approaching the area near the end of the entranceway mat when she fell. Turner now argues that an exit mat running parallel with the entry mat would have prevented her fall. Turner asserts that, unlike the warning sign and cone and the defendant's mopping procedure, the non-slick surface of a mat, even when wet, would have provided the best safety for this corridor area where the most water accumulates on rainy days.
We agree that one or probably two additional exit mats laid parallel and immediately beside the existing entry mat would have covered the particular area where Turner slipped and may have prevented Turner's fall. Nevertheless, the merchant's duty in dealing with the water that is tracked in and possibly dripped throughout the premises on a rainy day is not to provide mats for every wet area of the store, but to exercise reasonable care to promptly alleviate the wet areas and to alert customers to the constant threat of water that might drip to the floor as the result of other customers' activities. The appropriate measure, as stated by this court in Hardman, is whether the trial court could reasonably conclude "that defendant's rainy day safety measures were organized, prudent and reasonable." Hardman, supra at 1096.
The placement of a mat after the opening of the entrance door allows water from the customers' shoes, clothing and umbrellas to accumulate immediately upon entry into the building. Additionally, a mat and warning cone at the entrance alert the customers to the initial point of transition where the customers' damp shoes will leave the mat and first meet the tile. The necessity for a mat along the exit path is not the same. Nevertheless, periodic inspections of the mat and the entrance/exit area and dry mopping procedures are ongoing protective measures which must be demonstrated to establish the merchant's exercise of reasonable care for the customers' safety on rainy days.
In this case, the evidence was undisputed that Super One was following a procedure for inspecting and mopping the entrance/exit corridor at 10 to 15 minute intervals. Despite the fact that Turner denied seeing any warning signs or cones, she had multiple opportunities to observe the warning sign or cone upon entering and exiting through the corridor. Further, although the evidence of the amount of water or dampness of the area was disputed, the trial court accepted the testimony indicating that very little water, if any, was present at the place of the fall. Under the facts of this case, the evidence of Super One's dry mopping, the placing of warning signs, and its inspections of the area does not allow us to conclude that the trial court was clearly wrong in finding that Super One exercised reasonable care.[1]

Conclusion
For the reasons stated above, the judgment of the trial court is hereby affirmed. Costs of this appeal are assessed to plaintiff, Ruby Turner.
AFFIRMED.
NOTES
[1] Despite Turner's additional assignment of error disputing the trial court's finding that Turner fell because she bumped a shopping cart, we view the ruling as based upon a finding that Super One exercised reasonable care in accordance with La. R.S. 9:2800.6 and affirm the judgment on that basis.