STEWART, J.
|2In this slip and fall accident, the defendant, Brookshire Grocery Company, appeals a judgment rendered in favor of plaintiff, Donna Ferlicca, awarding her general damages in the amount of $21,000.00, and special damages in the amount of $4,921.12. It further allocated 90% fault to the defendant, and 10% to the plaintiff. Finding that the plaintiff failed to meet the burden of proof required by La. R.S. 9:2800.6, we reverse the trial court’s judgment, and dismiss her claim.
FACTS AND PROCEDURAL HISTORY
On December 16, 2012, the plaintiff went to the Brookshire Grocery Store, located on North 18th Street in Monroe, Louisiana, to purchase a cake. It was raining at the time. When she entered the store, she went directly to the bakery. Upon discovering that she did not have sufficient funds to purchase the cake, she left the store to get more money from her sister, who was waiting in the parking lot. When the plaintiff returned to the store’s entrance, she slipped and fell, fracturing her left arm.
On January 31, 2013, plaintiff filed a petition for damages against the defendant. After a bench trial, the trial court rendered judgment in favor of the plaintiff, awarding general damages in the amount of $21,000.00, and special damages in the amount of $4,921.12, on March 31, 2014. In an amended ruling, it allocated 90% fault to the defendant, and 10% to the plaintiff.[1]
The defendant filed the instant appeal.
LAW AND DISCUSSION
| oThe defendant argues that the trial court erred in failing to apply and/or misapplying jurisprudence governing slip and fall cases. Alternatively, it asserts that the trial court erroneously rendered judgment in the plaintiff’s favor because she failed to prove that an unreasonably dangerous condition existed prior to her accident. It argues that the presence of the “condition,” which included a waist-high, four-sided “Wet Floor” sign that the plaintiff admitted was “easily visible,” constituted an open and obvious condition for which it is not liable. Furthermore, it argues that the trial court erroneously allocated fault, when it found the plaintiff only 10% at fault, after she testified that she should have seen the ‘Wet Floor” sign.
A trial court’s finding of liability for damages caused by a slip and fall accident at the defendant’s place of business, as well as the presence of comparative fault, are factual determinations that will not be disturbed absent manifest error or unless clearly wrong. Turner v. Brookshire Grocery Co., 34,562 (La.App.2d Cir.4/4/01) 785 So.2d 161; Barton v. Wal-Mart Stores, 97-801 (La.App.3d Cir.12/10/97), 704 So.2d 361; Myles v. Brookshires Grocery Co., 29,100 (La.App.2d Cir.1/22/97), 687 So.2d 668.
La. R.S. 9:2800.6 governs merchant liability for slip or trip and fall cases, and places a heavy burden of proof on plaintiffs in claims against a merchant for damages *472 arising out of a fall on the premises. Therefore, in order- for the plaintiff to prevail in her negligence claim for the- injuries she | ¿suffered, she must satisfy the. burden of proof discussed in this statute, which provides ih pertinent part:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care ' to keep his aisles, passageways, and floors in a -reasonably safe condition. This duty includes a-reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim ■ brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, in addition to all other elements of this cause of action, all of the following:
1. The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
2. The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
3. The merchant failed to exercise reasonable care. In determining care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone to prove failure to exercise reasonable care.
Failure to prove any of the requirements enumerated in. La. R.S.' 9:2800.6 will prove fatal to the plaintiffs case. Harrison v. Horseshoe Entertainment, 36,294 (La.App.2d Cir.8/14/02), 823 So.2d 1124; Richardson v. Louisiana,-1 Gaming, 10-262 (La.App. 5th Cir.12/14/10), 55 So.3d 893. The supreme court in White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97), 699 So.2d 1081, held that in addition to proving each of the above three elements, a plaintiff ■ must “come forward with positive evidence showing the damage causing condition existed for some period of time and that such time was sufficient to place a merchant defendant on notice of its ^existence.” Turner, supra. This element is referred to as the “temporal” element. Absent some showing of the temporal element, there can be no inference of constructive knowledge. While there is no bright line time period, a plaintiff must show that the condition existed for “such a period of time.” Kennedy v. Wal-Mart Stores, Inc., 98-1939 (La.4/13/99), 733 So.2d 1188; Jones v. Brookshire Grocery, Co., 37,117 (La.App.2d Cir.5/14/03), 847 So.2d 43. The claimant must make a positive showing of the existence of the condition prior to the fall. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall. White, supra.
Merchants are required to exercise reasonable care to protect those who enter the store, keep the premises safe from unreasonable risk of harm, and warn persons of known dangers. Jones, supra; Ward v. ITT Specialty Risk Services, Inc., 31,990 (La.App.2d Cir.6/16/99), 739 So.2d 251, writ denied, 99-2690 (La.11/24/99), 750 So.2d 987. The mere presence of a defect does not alone elevate that defect to the.level of an unreasonably dangerous condition. Milton v. E & M Oil Co., 45,-528 (La.App.2d Cir.9/22/10), 47 So.3d 1091.
Although the owner of a commercial establishment has an affirmative duty to keep the premises in a safe condition, he is not the insurer of the safety of his patrons. Turner, supra; Fuller v. Wal-Mart Stores, Inc., 577 So.2d 792 (La.App. *473 2d Cir.1991); Ward, supra. A store owner is not liable every time an accident happens. Turner, supra;. Hardman v. Kroger, Co., 34,250 (La.App.2d Cir.12/6/00), 775 So.2d 1093.
1 ^Defendants generally have no duty to protect against an open and obvious hazard; Dowdy v. City of Monroe, 46,693 (La.App. 2d Cir.11/2/11), 78 So.3d 791. If the facts of a particular case show that the complained-of condition should be obvious to all, the condition- may not be unreasonably dangerous, and the defendant may owe no duty to the .plaintiff. Caserta v. Wal-Mart Stores, Inc., 2012-0853 (La.6/22/12), 90 So.3d 1042.
To require a merchant to keep the entrance/exit areas completely dry during rainy weather, or to hold the merchant responsible for every slick place due to tracked in water would, in effect, make him an insurer of his customer’s safety. Turner, supra; Hardman, supra. Clearly this is not required under La. R.S. 9:2800.6. Turner, supra; Hall v. Kroger Co., 499 So.2d 469 (La.App. 2d Cir.1986); Edwards v. Piggly Wiggly Operators Warehouse, Inc., 401 So.2d 493 (La.App. 2d Cir.1981). The merchant’s duty in dealing with the water that is tracked in and possibly dripped throughout the premises on a rainy day is to exercise reasonable care to promptly alleviate, the wet areas and to alert customers to the constant threat of water that might drip to the floor as the result of other customer’s activities. Turner, supra. The appropriate measure, as stated in Hardman, supra, is whether the trial court could reasonably conclude “that defendant’s rainy day safety measures were organized, prudent, and reasonable.” Turner, supra; Hardman, supra.
Josh Brown, assistant manager at the Brookshire store, and Matthew Lewis, a courtesy clerk at the Brookshire store, testified that the following safety measures were in place on December 16, 2012:
[1. Permanent carpeting installed at the two front entrance doors;
2. Two rubber-backed mats placed adjacent to the permanent carpeting;
3. A waist-high “Wet Floor” sign/tower placed between the two -automatic sliding doors where customers entered the store such that it was easily visible to patrons entering either door;
4. A dry mop kept near the front of the store, either by a CoinStar machine, ■ or in a deli closet;
5. Additional clean and dry mop heads kept in the deli .closet in the event they were needed; and
6. Store employees-regularly traversing the entrance and inspecting the floor.
Brown, who was on duty the day of the incident, testified that the standard procedures the store uses on rainy days were utilized on December 16, 2012. He stated that two rubber-backed mats were placed adjacent to the permanent carpet at the store’s entrance. A waist-high, bright yellow cone with “Wet Floor” warnings on all four sides was placed at the store’s entrance. Brown utilized a dry mop to remove any excess water at the store’s entrance that may be tracked in by customers. In fact, Brown testified that before the plaintiff slipped and -fell, he retrieved a dry mop from the closet by the deli- and used it wipe the floor and any possible water that was tracked inside the store. He further testified that the mop he retrieved from the deli area was hanging, dry and not visibly dirty. He stated that the dry mops were located either by the CoinStar machine near the entrance of the store, or in the closet by the deli. After he mopped the [8area, he inspected the floor moments before the incident oc *474 curred, and he did not see any- liquids/dangerous substances on the floor.
Lewis also confirmed that the standard procedures for rainy days were'utilized on December 16, 2012. ' He testified that he straightened the rubber-backed ' mats roughly five minutes prior to the incident, and visually inspected the floor. He noted the absence of any “slippery” substance on the floor. Lewis further testified that in the event that a substance was present on the floor, he would have noticed it and cleaned it.
The in-store video surveillance shows Lewis straightening the rubber-backed mats and inspecting the area approximately five minutes before the incident occurred. The “Wet Floor” sign was in place. Approximately three minutes after Lewis inspected the area, Brown is seen inspecting the area. Brown then mopped the area less than a minute before the incident occurred.
The plaintiff, who was wearing rain boots at the time of the incident, testified that she slipped and fell when she reentered the store a second time, as she walked off of the rubber-back mats. While viewing the in-store surveillance video, she agreed that the ‘Wet Floor” sign was waist-high, and easily visible.
The plaintiffs argument suggests that the mop Brown used to dry the entrance was dirty, and contained a substance other than water on it. She contends that she slipped and fell on a “slippery” substance other than water. Unfortunately, the plaintiff did not present any evidence to • support that assertion. Brown testified that he followed the safety-procedure by 1 ausing a mop from the deli area that was dry, and not visibly ■ dirty. He further testified that dirty mops are not kept by the deli area. Rather, they are kept in an area at the back of the store.
In Turner, supra, this court dealt with a case involving very similar facts wherein the plaintiff slipped and fell on a rainy day at the defendant grocery store. As in the present case, the defendant grocery store in Turner had a mat and a warning cone at the store’s entrance. The defendant grocery store also had a procedure for inspecting and mopping the entrance/exit corridor. This court concluded that the defendant grocery store exercised reasonable care in conducting its safety measures.
Following Turner, and after a thorough review of the entire record in this matter, we find that the plaintiff failed to meet the burden of proof required by La. R.S. 9:2800.6. Furthermore, the trial court erroneously rendered judgment in favor of plaintiff, and in its allocation of 90% fault to the defendant, and 10% to the plaintiff. The safety measures that the defendant used, including the placing of rubber-backed mats, the placing of a visible warning sign, as well as periodically inspecting and mopping the area were organized, prudent, and reasonable.
CONCLUSION
For the foregoing reasons, we reverse the judgment of the trial court. Judgment is hereby rendered in favor of Brookshire Grocery Company, dismissing the suit of the plaintiff, with prejudice. Costs of this appeal are assessed against the plaintiff, Donna Ferlicca.
APPLICATION FOR REHEARING
Before BROWN, CARAWAY, DREW, GARRETT and CALLOWAY, JJ.
Rehearing denied.
REVERSED AND RENDERED.

. No reasons for judgment were provided with the exception of those given in the ruling.