# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-30818

United States Court of Appeals
Fifth Circuit

**FILED**
April 5, 2019

Lyle W. Cayce
Clerk

HEIDI FOREMAN,

> Plaintiff - Appellant

v.

CIRCLE K STORES, INCORPORATED, improperly referred to as Circle K Convenience Stores, Incorporated,

> Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:17-CV-296

Before JONES, HO, and OLDHAM, Circuit Judges.

PER CURIAM:*

The Plaintiff Heidi Foreman slipped and fell on a wet floor while shopping at a store owned by the Defendant Circle K Stores, Inc. She alleges that Circle K negligently failed to mark the floor. The district court concluded that the store was not negligent because it provided adequate warning signs. We agree and AFFIRM.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30818

## BACKGROUND

In August 2016, Foreman drove to a Circle K store in Lafayette, Louisiana to purchase some beer. Her visit was captured on video. Upon entering the store, she walked past the counter and across the sales floor toward a large walk-in cooler aptly named the Beer Cave. A yellow "wet floor" sign stood near the counter, and a yellow mop bucket with another wet floor sign stood on the far side of the sales floor.

Foreman entered the Beer Cave. One wet floor sign stood at the entrance, and another stood inside. Foreman walked directly past both signs. She then picked up a case of beer and left the Beer Cave.

Foreman carried her beer back across the sales floor to the store counter. In doing so, she walked immediately past a store employee mopping the floor using the yellow bucket. She also passed, and stood directly in front of, the wet floor sign by the counter.

Foreman then waited in line at the counter behind another customer. When it was her turn, she placed her beer on the counter and began to check out. Although Circle K's video recording does not include audio, it appears that Foreman and the store clerk spoke about the beer. Eventually, Foreman picked up her beer, and she and the clerk left the counter together to return to the Beer Cave.

Foreman and the clerk walked back across the sales floor to the Beer Cave. In doing so, Foreman passed immediately by the wet floor sign near the counter and the mop bucket and its accompanying sign.

While Foreman had been chatting with the clerk, a store employee had been mopping the floor by the entrance to the Beer Cave. Although the employee moved the wet floor sign positioned by the Beer Cave entrance before Foreman returned, Foreman nonetheless walked directly by the mopping

No. 18-30818

employee as she and the clerk re-entered the Beer Cave.  In fact, the employee stepped out of Foreman's way as she passed.

Upon entering the Beer Cave, Foreman again stood directly next to the wet floor sign inside.  She returned her original case of beer and picked up a new one.  She and the clerk then turned to leave the Beer Cave.  At that point, she slipped and fell on the wet floor, injuring herself.

Foreman sued Circle K in Louisiana state court, alleging negligence. Circle K removed the case to the United States District Court for the Western District of Louisiana.  The case was referred to a magistrate judge, and Circle K moved for summary judgment.  The magistrate judge recommended that the motion be granted and the case dismissed upon concluding that Circle K had used appropriate signage to warn patrons of the wet floor.  The district court adopted the magistrate judge's recommendation.  Foreman now appeals.

## STANDARD OF REVIEW

"We review a summary judgment de novo, using the same standard as that employed by the district court under Rule 56." *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011) (internal quotation marks omitted). "Summary judgment is warranted 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting FED. R. CIV. P. 56(a)).

"Although we review evidence in the light most favorable to the nonmoving party, we assign greater weight, even at the summary judgment stage, to the facts evident from video recordings taken at the scene." *Carnaby*, 636 F.3d at 187.  "A court of appeals need not rely on the plaintiff's description of the facts where the record discredits that description but should instead consider the facts in the light depicted by the videotape." *Id.* (internal quotation marks omitted).

No. 18-30818

## DISCUSSION

We conclude that Circle K did not act negligently.  Under Louisiana law:

In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

> (1)    The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

> (2)    The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

> (3)    The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La. R.S. § 9:2800.6(B)(1)-(3).  Failure to prove any one of these elements "is fatal to the claimant's cause of action."  *White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081, 1086 (La. 1997).

Here, no one disputes the second element, that a Circle K employee "created" the wet floor by mopping.  Accordingly, the central issues in this case are whether the wet floor presented an unreasonable risk of harm and whether Circle K failed to exercise reasonable care.

We conclude that the wet floor presented no unreasonable risk of harm and that Circle K exercised reasonable care.  In *Melancon v. Popeye's Famous Fried Chicken*, the plaintiff slipped and fell on a wet floor at a Popeye's restaurant as she was leaving the establishment.  59 So. 3d 513, 515 (La. Ct.

4

App. 2011). Popeye's had placed two bright yellow "wet floor" signs in the restaurant, "one near the counter and the other at the entrance, both of which are readily visible to anyone entering the store." *Id.* at 515-16. When the plaintiff initially entered the Popeye's, she had walked directly past one of the signs. *Id.* at 516. As she left the counter to exit, she looked directly at a bright yellow mop bucket, walked past the other sign, and past an employee mopping the floor. *Id.* The Louisiana court held that "[j]urisprudence has specifically found that mopped floors do not create an unreasonable risk of harm when the appropriate signage is used to warn patrons of the conditions of the floor." *Id.* Further, "Popeye's exercised reasonable care by placing two different 'wet floor' signs to alert customers that the floor had been mopped." *Id.*

Here, just like the Popeye's restaurant, Circle K placed appropriate signage throughout its store to warn customers of the wet floor. On her second trip to the Beer Cave, Foreman walked past a sign near the counter, a sign on the sales floor, and a sign inside the Beer Cave. Although the sign at the Beer Cave entrance had been moved the second time she entered, Foreman still passed at least three warning signs and an employee actively mopping before her fall. Accordingly, Circle K did not create an unreasonable risk of harm and exercised reasonable care by placing warning signs throughout the store.

Foreman argues that "[w]hat is important and what is not easily or readily determinative from the video is if the plaintiff actually saw the wet floor sign upon entering or while looking in the 'beer cave.'" Louisiana courts, however, have explained that such an argument is off-point. In holding that a grocery store had exercised reasonable care in a slip and fall case, a Louisiana court noted, "[d]espite the fact that [the plaintiff] denied seeing any warning signs or cones, she had multiple opportunities to observe the warning sign or cone upon entering and exiting through the corridor." *Turner v. Brookshire Grocery Co.*, 785 So. 2d 161, 165 (La. Ct. App. 2001); *see also Melancon*, 59 So.

3d at 516 ("The only explanation for [the Plaintiff's] lack of awareness regarding the wet floor is her inattentiveness."). In short, Circle K did not act negligently, regardless whether Foreman saw the signage.

The judgment of the district court is **AFFIRMED**.