J^CHE HARDY, Judge.
In this slip-and-fall personal injury action, the trial court granted defendant’s motion for summary judgment. For the following reasons, we reverse and remand.
On May 8, 1997, plaintiff, James Smart, III, filed the instant suit against defendant, Winn-Dixie Louisiana, Inc. (hereafter, Winn-Dixie) for injuries allegedly suffered while shopping at a Winn-Dixie store in Jefferson Parish. Plaintiff alleges that on or about July 20, 1996, he slipped and fell in a puddle of clear liquid on the floor of the soft drink aisle. Plaintiff further alleges that after reporting the accident, a store manager discovered the source of the liquid- — a two liter soft drink bottle turned on its side on the floor under the shelf and slowly leaking from its unsealed cap.
On June 3, 1998, Winn-Dixie filed a motion for summary judgment, alleging that, pursuant to La. R.S. 9:2800.6, plaintiff could not carry his burden of proof at trial. After plaintiff filed an opposition with supporting affidavits and deposition excerpts, the matter proceeded to a hearing on October 14,1998. At the conclusion of the hearing, which consisted of arguments of counsel only, the trial court orally granted Winn-Dixie’s motion for summary judgment, without stating reasons. On November 17,1998, the trial court signed a written judgment, granting Winn-Dixie’s motion for summary judgment and dismissing plaintiffs case with prejudice. No reasons for judgment were rendered. Plaintiff | ahas appealed, asserting that the trial court erred in concluding that plaintiff could not prove that the dangerous condition existed for some period of time prior to the accident.
It is well settled that a motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.G.P. art. 966. Nevertheless, summary judgments are now favored, and the documents submitted by both parties are to be equally scrutinized. Berzas v. OXY USA, Inc., 29,835 (La.App. 2 Cir.9/24/97), 699 So.2d 1149, 1152. Under the recently-amended version of La. C.C.P. art. 966, the initial burden continues to remain with the mover to show that no genuine issue of material fact exists. If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action or defense, the non-moving party then must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. La. C.C.P. art. 966(C)(2). If the nonmoving party fails to do so, there *1064 is no genuine issue of materiál fact, and summary judgment should be granted. La. C.C.P. arts. 966 and 967; Berzas, supra, 699 So.2d at 1154.
Appellate courts review summary judgments de novo under the same criteria that govern the trial court’s determination of whether a summary judgment is appropriate. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Sanders v. Ashland Oil, Inc., 96-1751 (La.App. 1 Cir.6/20/97), 696 So.2d 1031, 1035, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29 (citations omitted).
La. R.S. 9:2800.6 sets- out the burden of proof in slip and fall cases, and provides in pertinent part:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, |4death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, pri- or to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
C.Definitions:
(1) “Constructive notice” means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
With regards to the constructive notice requirement of La. R.S. 9:2800.6, in White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97), 699 So.2d 1081, 1084-85, the Supreme Court held:
Though there is no bright line time period, a claimant must show that “the condition existed for such a period of time ...” Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall. This is not an impossible burden.
In the matter before us, while no reasons for judgment were given by the trial court, it is apparent that the summary judgment was granted because plaintiff testified in his deposition that he was unaware of how long the two liter soft drink bottle was leaking liquid prior to his fall. However, plaintiff has clearly placed this *1065 fact in dispute with the attachments to his filed opposition to Winn-Dixie’s motion for summary judgment. Both plaintiff and Eddie Hankton, plaintiffs son-in-law who was walking next to plaintiff when he fell, submitted affidavits in which they state that after plaintiff fell in a three by four foot [ ¡¡puddle of clear liquid, the store manager discovered a two liter soft drink bottle lying on its side with the cap unsealed and “a very slow drip of liquid coming from the top.”
In opposition to Winn-Dixie’s motion for summary judgment, plaintiff also attached excerpts of the deposition of Randy Lee Michele, the Winn-Dixie store manager who testified that he found a two liter bottle of Mug Cream Soda lying on its side with only three inches of liquid remaining in it.[1] Mr. Michele further testified that he did not notice any holes or cracks in the bottle, but that the cap, while still on the bottle, had been unsealed.
In his opposition to Winn-Dixie’s motion for summary judgment, plaintiff presented evidence that there was a slow leak of liquid from the two liter soft drink bottle, which, if proven at trial, supports his contention that the puddle of liquid existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The length of time the puddle existed is clearly in dispute and can only be determined by the factfinder at trial. The summary judgment in favor of Winn-Dixie was therefore improper.
For the foregoing reasons, the judgment of the trial court is hereby reversed. This matter is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED; REMANDED.

. Winn-Dixie does not dispute that this mostly-empty two liter soft drink bottle was the source of the liquid in which plaintiff allegedly fell.