# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 98-30785

GREGORY P. SPANO,

Plaintiff-Appellant,

versus

SAV-A-CENTER, INC., ET AL.,

Defendants.

GREAT ATLANTIC & PACIFIC TEA
COMPANY, erroneously sued as Sav-A-Center,
Inc., d/b/a Sav-A-Center, Inc.,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana, New Orleans
(USDC Docket No. 97-CV-2143-F)

February 23, 2000

Before POLITZ, GIBSON[*], and HIGGINBOTHAM, Circuit Judges.

POLITZ, Circuit Judge:[**]

Gregory P. Spano appeals an adverse summary judgment in his personal injury diversity action against Great Atlantic and Pacific Tea Company ("A&P"). For the reasons assigned, we vacate and remand.

---

[*]Circuit Judge of the Eighth Circuit, sitting by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## BACKGROUND

On May 15, 1996 at approximately 7:30 p.m., Gregory Spano allegedly sustained personal injuries when he slipped and fell in a puddle of Formula 409 cleaning fluid while walking down an aisle at the A&P Sav-A-Center store on General DeGaulle Avenue in New Orleans.

In order to make out a claim against a merchant for injury due to a condition existing on the merchant's premises, La. R.S. 9:2800.6 requires a demonstration that the condition presented an unreasonable and foreseeable risk of harm, that the merchant either created the risk or had actual or constructive knowledge of the risk, and that the merchant failed to exercise reasonable care. The essential issue at bar is whether Spano presented evidence of constructive notice. La. R.S. 9:2800.6 defines "constructive notice" to mean that "the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." Further, "the presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition."

Spano's evidence regarding constructive notice consisted of the following. Evidence indicated that the spill was quite large. Spano testified that the diameter of the puddle was greater than 24 inches. Malea Hall, the assistant manager at the store who inspected the area after the accident, testified that the Formula 409 bottle was almost empty and that the majority of the fluid from the bottle (approximately

2

20-30 oz. by Spano's estimate) was on the floor. Randy Raziano, the other assistant manager at the store, described the spill as a medium size spill of about 6 inches in diameter. All three testified that after the accident the bottle was positioned upright next to Spano's head. Hall and Raziano testified that the bottle was not shattered or cracked and that the puddle likely resulted from a slow leak due to a loose cap on top of the bottle. Spano contends that this evidence is sufficient to permit a jury to draw the inference that the puddle was created over a sustained period of time during which A&P should have become aware of its existence. In addition, Raziano testified that he and Hall conducted shift change procedures from 7:00 to approximately 7:25, contradicting Hall's testimony that she had inspected the aisle 15 minutes prior to the accident. Spano argues that Hall's inspection must have occurred at least 30 minutes prior to the accident.

The district court granted A&P's motion for summary judgment, concluding that Spano failed to "make a positive showing of the existence of the condition prior to the fall."[3] The court added, "Plaintiff's argument that the Court can reasonably infer that the cleaning fluid had been on the floor for some time before the spill does not constitute an adequate affirmative showing of fact."

## ANALYSIS

As a threshold matter, we must consider what the **White** court meant by "positive evidence" when it wrote, "the claimant must come forward with positive evidence showing that the damage-causing condition existed for some period of

---

[3]**White v. Wal-Mart Stores, Inc**., 699 So.2d 1081 (La. 1997).

time, and that such time was sufficient to place the merchant defendant on notice of its existence." In the traditional sense, "positive evidence" refers to direct evidence or eyewitness testimony, as distinguished from circumstantial evidence.[4] There is no question that Spano did not present any direct evidence as to the amount of time the puddle existed on the floor. **White**, however, left open the question whether summary judgment is appropriate in cases where there exists circumstantial evidence that the dangerous condition has existed for some time. Throughout the **White** opinion, the phrase "positive evidence" is used in a manner that strongly indicates that the court intended it to be synonymous with the phrase "some evidence."[5] The court made clear that the plaintiff in **White** presented "absolutely no [direct or circumstantial] evidence that the liquid was on the floor for any length of time." Given an open question of state law such as this one, it is our task to predict how that state's highest court would decide the issue.[6] We conclude from our reading of **White** that, if faced with the question, the Louisiana Supreme Court would allow circumstantial evidence of constructive notice.

In order to survive summary judgment, **White** only requires that the plaintiff

---

[4]**Black's Law Dictionary** 1162 (6th ed. 1990).

[5]For example, the court wrote:

> As previously discussed, defendant need not come forward with positive evidence of the absence of the spill. Such would require the defendant to prove a negative and is not within the clear an unambiguous language of the statute. Furthermore, the lack of evidence showing the non-existence of the spill is not evidence of the existence of the spill, but merely of the absence of evidence. **White** 699 So.2d at 1086.

[6]**Rogers v. Corrosion Products, Inc.**, 42 F.3d 292 (5th Cir. 1995).

4

come forward with evidence that the dangerous condition existed for some amount of time prior to the accident. Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question.[7] Because Spano presented circumstantial evidence tending to show that the puddle existed at least some time prior to his fall, we conclude that summary judgment was improper. The facts of this case bear a substantial similarity to the facts in **Smart v. Winn Dixie of Louisiana, Inc.**.[8] In **Smart**, the plaintiff in a slip and fall case presented as evidence of constructive notice a slow leaking bottle and testimony about the size of the puddle which caused his fall. The court concluded that "plaintiff presented evidence that there was a slow leak of liquid from the two liter soft drink bottle, which, if proven at trial, supports his contention that the puddle of liquid existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The length of time the puddle existed is clearly in dispute and can only be determined by the factfinder at trial." We agree with the **Smart** court that such evidence satisfies **White**, and therefore VACATE and REMAND for further proceedings consistent herewith.

---

[7]**White** at 1084.

[8]742 So.2d 1062 (La. Ct. App. 1999).