756 So.2d 624 (2000)
Bettye RODGERS, Respondent,
v.
FOOD LION, INC. and Alexsis Risk Management Service, Applicant.
No. 32,856-CW.
Court of Appeal of Louisiana, Second Circuit.
April 5, 2000.
Writ Denied June 16, 2000.
*625 J. Spencer Hayes, Counsel for Respondent.
Lunn, Irion, Johnson, Salley & Carlisle by J. Martin Lattier, Shreveport, Counsel for Applicant.
Before BROWN, WILLIAMS, and GASKINS, JJ.
GASKINS, Judge.
This slip and fall case is before this court for argument and decision following remand by the Louisiana Supreme Court. The defendant store, Food Lion, filed a motion for summary judgment in the trial court, arguing that the plaintiff had offered no proof that the substance upon which she slipped had been on the floor long enough for the store to have constructive notice of it. The trial court denied the motion for summary judgment and this court denied Food Lion's writ application on the showing made, finding that the trial court decision was correct. Food Lion's writ application to the supreme court was granted with instructions to docket for briefing, argument, and opinion. For the following reasons, we affirm the trial court judgment.

FACTS
On August 2, 1993, at approximately 8:30 p.m., the plaintiff entered a Food Lion store in Bossier City. While pushing her cart near the dairy case, she slipped on a "clear to opaque" substance on the floor. The substance was thought to be wine and was located near a display upon which the bottles were displayed horizontally. The plaintiff claimed she injured her knee and back, requiring surgeries to correct her injuries. The plaintiff filed suit on August 1, 1994, against Food Lion and its insurer, subsequently determined to be National Union Fire Insurance.
On October 9, 1998, Food Lion and National Union filed a motion for summary judgment. The defendants contended that under La. R.S. 9:2800.6, regulating the duty of merchants in injury cases, the plaintiff must present positive evidence that the store owner or employees had actual or constructive notice of the condition in the store which caused the injury. The defendants argued that the plaintiff was required to show that the condition persisted for some period of time so that it should have been discovered. According to the defendants, the plaintiff produced no evidence that would substantiate or create a genuine issue of material fact as to whether the alleged injury-producing condition existed long enough that it should have been discovered with the exercise of reasonable care. Excerpts of the plaintiff's deposition were introduced stating that she thought she slipped in a puddle of wine that had leaked from a bottle on the display rack. She did not observe any of the bottles to be broken. Further, the plaintiff's affidavit in opposition to the motion for summary judgment specifies that the puddle of wine was three feet in diameter. Guy Fleming, the store manager, stated in his deposition that he did not know the last time the employees examined or cleaned the floor in the area. On *626 the accident report, the puddle is described as eight inches in diameter.
On June 16, 1999, the trial court denied the motion for summary judgment, finding that, even though there was "no specific, detailed proof" that the wine had been on the floor "for a long period of time," because there were no broken bottles, the circumstances were such that a reasonable trier of fact could conclude that one of the bottles was leaking and the wine had been on the floor for a long time. The court also noted that there was no indication of what inspection procedures the store had in place. Therefore, the trier of fact could conclude that the store had actual or constructive notice of the puddle and accordingly, summary judgment was denied.
Food Lion applied to this court for supervisory writs. On July 22, 1999, we denied the writ application on the showing made, finding that the trial court decision was correct. Food Lion then made a writ application to the supreme court. On November 19, 1999, the supreme court granted the writ and remanded the matter to this court for briefing, argument and opinion.
In its brief, Food Lion contends that the plaintiff was required to present evidence showing how long the wine had been on the floor in order to show actual or constructive knowledge on the part of the store. According to Food Lion, the plaintiff did not know how long the liquid was on the floor and there was no indication that the store employees noticed the substance. In its brief, the store presents a collection of cases applying La. R.S. 9:2800.6, and holding that a plaintiff in slip and fall case must come forward with positive proof that the condition producing the injury existed for a sufficient time to place the merchant on notice. The defendant argues that because the plaintiff possesses no evidence to prove that Food Lion store employees possessed actual or constructive notice of the alleged injury-producing substance prior to the occurrence of the alleged incident, summary judgment should be granted.
The plaintiff argues that sufficient direct and circumstantial evidence has been shown to raise a genuine issue of material fact as to constructive notice.

LEGAL PRINCIPLES
The legal principles regarding summary judgment are well settled. A motion for summary judgment is not to be used as a substitute for trial on the merits. Rapp v. City of New Orleans, 95-1638 (La.App. 4th Cir.9/18/96), 681 So.2d 433, writ denied, 96-2925 (La.1/24/97), 686 So.2d 868; Slaid v. Evergreen Indemity, Ltd., 32,363 (La. App.2d Cir.10/27/99), 745 So.2d 793. A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966; Mixon v. Progressive Specialty Co., 29,698 (La.App.2d Cir.6/18/97), 697 So.2d 662. If the court finds that a genuine issue of material fact indeed exists, summary judgment must be denied. Slaid v. Evergreen Indemnity, Ltd., supra.
The burden is on the party seeking summary judgment to establish that there is an absence of factual support for one or more of the essential elements of the adverse party's claims. If the nonmoving party then fails to produce factual support sufficient to establish that it will be able to satisfy its evidentiary burden at trial, there is no genuine issue of material fact. La. C.C.P. art. 966; Berzas v. OXY USA, Inc., 29,835 (La.App.2d Cir.09/24/97), 699 So.2d 1149; Slaid v. Evergreen Indemnity, Ltd., supra.
Further, La. C.C.P. art. 967 provides that when a motion for summary judgment is made and supported as provided above, the party opposing summary judgment cannot rest on the mere allegations *627 or denials of his pleadings, but must present specific facts showing that material facts are still at issue. La. C.C.P. art. 967. Even though the burden of proof remains the same under the recent amendment to La. C.C.P. art. 966, summary judgment procedure is now favored to secure the just, speedy, and inexpensive determination of all except certain disallowed actions. Acts 1996, 1st Ex.Sess., No. 9. We review summary judgments de novo under the same criteria that govern the district court's consideration of the appropriateness of summary judgment. Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191. Slaid v. Evergreen Indemnity, Ltd., supra.
La. R.S. 9:2800.6 governs a negligence action against a merchant for damages resulting from injuries sustained in a slip and fall accident. The statute, as revised in 1990 and applicable to the present case, provides:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, and in addition to all other elements of his cause of action, that:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence;
(3) The merchant failed to exercise reasonable care.
C. Definitions:
(1) "Constructive notice" means the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.
Therefore, for the plaintiff to recover, she had to establish that a condition presenting an unreasonable risk of harm existed and that the risk of harm was reasonably foreseeable; prior to the occurrence, the defendant either created or had actual knowledge or had constructive knowledge of the condition which caused the damage and that Food Lion failed to exercise reasonable care. Davis v. Wal-Mart Stores, Inc., 31,542 (La.App.2d Cir.1/22/99), 726 So.2d 1101.
Regarding the constructive notice requirement of La. R.S. 9:2800.6, in White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97), 699 So.2d 1081, the Louisiana Supreme Court stated:
Though there is no bright line time period, a plaintiff must show that "the condition existed for such a period of time..." Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period before the fall. This is not an impossible burden.
The court continued that, to prove constructive notice, the claimant must show that the substance remained on the floor for such a period of time that the defendant merchant would have discovered its *628 existence through the exercise of ordinary care.
Under White, the statutory "temporal element" in the definition of constructive notice must be proven by what the court refers to as "positive evidence." As observed in Crawford v. Ryan's Family Steak Houses, Inc., 31,911 (La.App.2d Cir.5/5/99), 741 So.2d 96, although the court did not define the phrase "positive evidence," the Louisiana evidence code and the longstanding judicial and academic understanding of relevant evidence demonstrate that proof of a material fact, such as this statutory temporal element, may be made by both direct and circumstantial evidence. Circumstantial evidence may be as persuasive as testimonial or direct evidence in providing a compelling demonstration of the existence or nonexistence of a fact in issue. Crawford v. Ryan's Family Steak Houses, Inc., supra.
The facts of the present case are very similar to those of Smart v. Winn-Dixie of Louisiana, Inc., 99-435 (La.App. 5th Cir. 9/28/99), 742 So.2d 1062, writ denied, XXXX-XXXX (La.1/7/00), 752 So.2d 870. In that case, the plaintiff slipped in a puddle of clear liquid on the floor of the soft drink aisle of the grocery store. The liquid came from a two-liter soft drink bottle, turned on its side on the floor under the shelf, and slowly leaking from its unsealed cap. The store filed a motion for summary judgment in response to the plaintiff's suit, arguing that the plaintiff could not prove that the dangerous condition existed for some period of time prior to the accident. The trial court granted the motion, but the appellate court reversed. The Fifth Circuit found that the summary judgment was granted because the plaintiff said in his deposition that he was unaware of how long the soft drink bottle was leaking prior to the fall. However, other affidavits established that the puddle was three feet by four feet and the store manager discovered that the bottle had an unsealed cap and a very slow drip of liquid coming from the top. There were no holes or cracks in the bottle.
The appellate court found that the plaintiff presented evidence that there was a slow leak of liquid coming from the two-liter soft drink bottle. If proven at trial, this would support the plaintiffs contention that the puddle of liquid existed for such a period of time that it could have been discovered if the merchant had exercised reasonable care. The length of time the puddle existed is clearly in dispute and can only be determined by the fact finder at trial. Therefore in Smart, the court found that summary judgment in favor of the store was improper.
In the present case, it has been established that the substance the plaintiff slipped in was wine which had leaked from a display of bottles stored on their sides. No broken bottles or glass were found in the area. The plaintiff stated that she did not notice anything dripping from the bottles, lending credence to her assertion that at least one of the bottles had a slow leak. Further, as in Smart, Mrs. Rodgers claimed that the puddle was sizable, approximately three feet in diameter, indicating that the leak had been present for some time and the puddle had been on the floor long enough that Food Lion employees should have discovered it with the exercise of reasonable care. Also, on the issue of reasonable care, the store manager stated that he could not recall the last time the aisle was checked. Other evidence indicated that it was last checked between 2:00 and 4:00 p.m. This accident occurred after 8:00 p.m. In this case, there is sufficient evidence to support the plaintiff's contention that at least one of the wine bottles on the display had a slow leak. The amount of wine on the floor, the absence of an observable, rapid leak, and the indication that Food Lion may have neglected to check the aisles for several hours before this accident, show that there is a genuine issue of material fact regarding constructive notice, just as there was *629 in Smart v. Winn-Dixie of Louisiana, supra.
Considering the facts of this case in light of the White case, and making a de novo review of the motion for summary judgment, we find that the trial court was correct in denying Food Lion's motion. Food Lion, as the movant, has not established the absence of factual support for the plaintiff's claims, including the element of constructive notice. Accordingly, the trial court judgment is affirmed.

CONCLUSION
For the reasons stated above, the ruling of the trial court, denying Food Lion's motion for summary judgment, is affirmed. Costs in this court and in the court below are assessed to the defendants, Food Lion, Inc. and National Union Fire Insurance.
AFFIRMED.