JjLEON A. CANNIZZARO, JR., Judge.
This appeal arises out of a claim filed by Rosalyn M. Weber and her husband, Jay Weber, against Ray Brandt Nissan, Inc., its insurer, New Hampshire Insurance Company, and the Debartolo Capital Partnership in connection with a fall suffered by Mrs. Weber in the New Orleans Center Shopping Mall owned by Debartolo[1]. Ray Brandt and New Hampshire filed a motion for summary judgment, which was granted by the trial court. The trial court dismissed Ray Brandt and New Hampshire from the case, and the Webers are appealing the trial court’s decision.
FACTS AND PROCEDURAL HISTORY
This case involves a “slip and fall” by Mrs. Weber on the premises of the New Orleans Center Shopping Mall. Mrs. Weber alleged that she fell because of a wax build-up or a residue of a waxy substance, such as Armor All,[2] that she |2understood to have been left on the floor in the area of the mall where she fell as a result of an automobile display.
On the day that she fell, Mrs. Weber went to Macy’s Department Store in the mall to return an item that had been previously purchased there. She had just left Macy’s and walked a short distance into the mall when she fell on her buttocks. Mrs. Weber sustained injuries that she asserts were diagnosed as strains of her spine and right shoulder, a bruise on her right knee, and low back pain syndrome. Mrs. Weber has also undergone MRI[3] testing related to her injuries, and the results of the testing showed a problem that may require surgery. Mrs. Weber has alleged that she is in continuing pain as a result of her injuries.
Because she did not want anyone else to fall, Mrs. Weber promptly alerted a security guard at the mall that she had fallen on a slippery area. An inspection report was prepared by another employee of the security company, and in the report there was *1001 a notation that described the “Injury-Scene Surface Condition” with the words “slippery substance.”
During the discovery process in this case prior to the hearing on the motion for summary judgment, Mrs. Weber learned that an automobile owned by Ray Brandt was displayed in the area where she fell for approximately three months prior to her fall. The display had been removed from the mall just prior to the opening of the mall on the morning that Mrs. Weber fell. According to the deposition of the Ray Brandt employee who delivered the automobile owned by |sRay Brandt to the mall and who removed it from the mall three months later, neither the automobile nor the space that it occupied in the mall was ever cleaned by Ray Brandt either before, during, or after the display. He also stated in his deposition that when the automobile was removed from the mall, the space that it had occupied was “pretty dusty.” The Ray Brandt employee testified that no Armor All or liquids were ever used on the automobile while it was at the mall. Further, he testified that when the car was removed from the mall, there was nothing but dust and dirt in the area of the mall where the automobile had been.
In Mrs. Weber’s deposition, she testified that “[tjhere was something on the floor” of the mall when she fell, but she also testified that she did not see anything on the floor before or after she fell. She furthered testified that she could not describe either the color or smell of the substance on the floor, but she said that she realized that there was a substance on the floor “when I slipped and fell.”
After Mrs. Weber had given the information regarding her fall to the security guard who was assigned to make a report of the accident, she went to her place of employment. After she had been at work for a while, she began to “feel tightness” related to her accident. Approximately two days after her fall, Mrs. Weber consulted a physician regarding her injuries from the fall.
After a hearing, the trial court granted a summary judgment in favor of Ray Brandt and its insurer, New Hampshire. The Webers are now appealing that judgment.
) ¿DISCUSSION
Standard of Review
In Independent Fire Insurance Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226, the Louisiana Supreme Court discussed the standard of review of a summary judgment as follows:
Our review of a grant or denial of a motion for summary judgment is de novo. Schroeder v. Board of Sup’rs of Louisiana State University, 591 So.2d 342 (La.1991). A motion for summary judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B). This article was amended in 1996 to provide that “summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action....” La. C.C.P. art. 966(A)(2). In 1997, the article was further amended to specifically alter the burden of proof in summary judgment proceedings as follows: The burden of proof remains with the mov-ant. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2).
*1002 99-2181, 99-2257, p. 7, 755 So.2d at 230-31. See also Shelton v. Standard/700 Associates, 2001-0587 (La.10/16/01), 798 So.2d 60.
Assignments of Error
The Webers have made three assignments of error. First, they contend that the trial court erred in granting a summary judgment on insufficient evidence and subjective facts. Second, they contend that the trial court erred in not finding that Ray Brandt’s failure to act in a “reasonable manner” under the provisions of La. |r,R.S. 9:2800.6[4] resulted in Mrs. Weber’s accident. Third, they contend that because there is a question of fact regarding who had custody and control of the area where Mrs. Weber fell, there is a genuine issue of material fact that must be decided at trial.
Burden of Proof

La. R.S. 9:2800.6

The plaintiff in a lawsuit involving a “slip and fall” on a merchant’s premises has the burden of proving the following elements under La. R.S. 9:2800.6(B):
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
La. R.S. 9:2800.6(C)(1) defines the “constructive notice” required by La. R.S. 9:2800.6(B)(2) to mean that “the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.” The presence of an employee of the merchant in the vicinity of the condition does not, without more, constitute constructive notice unless the employee knew or should have known of the condition had the employee exercised reasonable care. La. R.S. 9:2800.6(C)(1).
| (¡The Webers argue that it is clear from the incident report prepared by one of the security guards at the mall that there was a “slippery substance” on the floor in the area where Ray Brandt had displayed an automobile prior to Mrs. Weber’s fall. Mrs. Weber also claims that she was informed by a maintenance man who cleaned the area where the fall occurred that he thought that there was Armor All on the floor.
Mrs. Weber’s claims regarding the possibility that she slipped and fell because Armor All made the floor slippery were countered by the deposition testimony of the Ray Brandt employee who placed the automobile owned by Ray Brandt in the mall and removed it from the mall three months later. He testified in his deposition that “we didn’t spray nothing” on the automobile when asked whether any aerosol spray cleaner such as Armor All had been used. He also testified that when he removed the automobile from the mall, he looked around the area where the car had been. He said that he saw “nothing but a lot of dust and dirt.” He further stated that “I didn’t see nothing liquid or nothing like that around it.”
*1003 Mrs. Weber testified in her deposition as follows:
Q. Okay. And do you think that there was a substance on the floor when you fell?
A. There was something on the floor.
Q. Okay. Did you see anything on the floor?
A. No.
Q. Okay. Did you see anything on the floor before you fell? Did you see any substance on the floor before you fell?
A. No.
Q. Okay. When you got up, did you see any substance on the floor, when you got up to go get the security guard?
A. No.
Q. Okay. So you couldn’t tell me the color or the smell of the substance? Would that be correct?
A. Correct.
17Mrs. Weber also stated, however, that an employee who worked in the Signature store in the mall saw her slip. Although he did not tell Mrs. Weber that there was a slippery substance on the floor, she testified that he told her that “people had been slipping all day.”
Mrs. Weber also testified regarding the events that occurred after she reported her fall. She stated as follows in her deposition:
Q. So they came over and inspected the accident scene where you had fallen?
A. Correct.
Q. And did they see any substance on the floor?
A. Yes.
Q. And what did they see?
A. They saw that it was slippery because they started rubbing their feet on the floor and they noticed that it was slippery.
Q. Okay. So was it slippery or was there a substance on the floor?
A. It was slippery.
[[Image here]]
Q. And were you there when the maintenance guy came?
A. Yes, I was.
Q. And what did he do when he got there?
A. He checked the floors and rubbing his feet on the floor and noticed that it was slippery. The security guards came up and they started checking the floor and slipping around on the floor also.
Mrs. Weber testified later in her deposition that there was a “glaze” on the floor where she fell. She also stated that she believed the substance on the floor was Armor All, because “one of the cleanup guys” stated that “it was Armor-All.”
Mrs. Weber additionally testified that an employee of the Signature’s store told her that people had been slipping all morning in the spot where she fell. There is nothing in the record, however, to corroborate this.
The Webers have failed to provide any tangible evidence that there was a foreign substance on the floor where Mrs. Weber fell. The incident report for Mrs. IsWeber’s fall does say that there was a “slippery substance” on the floor where Mrs. Weber fell, but Mrs. Weber gave that information to the person who prepared the incident report. There is no evidence in the record that the person to whom Mrs. Weber gave the information independently verified what Mrs. Weber told that person.
In the instant case the Webers have failed to show that they can prove at trial that Ray Brandt created a condition that caused Mrs. Weber to fall. Further, there is no evidence that Ray Brandt had actual notice of the condition, and the Webers *1004 failed to show that they could prove at trial that the condition existed for such a period of time that it would have been discovered had Ray Brandt exercised reasonable care. Mrs. Weber was unable to adequately describe the “slippery substance” that she claimed caused her to fall so that the substance could be identified, and the Webers offered no evidence regarding the length of time the substance had been on the floor.

La. C.C.P. art. 966

La. C.C.P. art. 966(C)(2) provides that in a motion for summary judgment, “[t]he burden of proof remains with the movant.” Nevertheless, La. C.C.P. art. 966(C)(2) also provides that “if the movant will not bear the burden of proof at trial ... the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim ... but rather to point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim.... ” Then, “if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.” Id.
|9In this case the burden of proof was initially on Ray Brandt and New Hampshire. They were the movers in the motion for summary judgment. We believe that they have met their burden of showing an absence of factual support for the Webers’ claims. Therefore, it became incumbent upon the Webers to show that they would be able to establish their evi-dentiary burden of proof at trial. We do not find that they met their burden. Although Mrs. Weber testified that the floor was slippery and had a “glaze,” the Ray Brandt employee who removed the automobile displayed by Ray Brandt testified that no liquid or waxy substance was in the area where the automobile had been on display. Further, he testified that no one associated with Ray Brandt had put Armor All or any other substance on the automobile while it was on display and that Armor All had never been used on the tires or on any other part of the automobile.
To defeat the motion for summary judgment filed by Ray Brandt and New Hampshire, the Webers must show that they can prove at trial that there was a foreign substance on the floor, that it was there as a result of the Ray Brandt display, and that Ray Brandt had actual or constructive notice that the substance was on the floor. The fall occurred after the Ray Brandt display had been removed from the mall. There are a number of possible causes of Mrs. Weber’s fall that do not involve Ray Brandt in any way. For example, the fall could have been caused by a foreign material placed on the floor by another patron of the mall or by the inherently slippery nature of the floor on which she fell. The Webers have failed to show that they can prove at trial the elements that they are required to prove for liability to be imposed upon Ray Brandt.
| inCustody and Control of the Premises
The Webers contend that there is a genuine issue of material fact regarding the custody and control of the area where Mrs. Weber fell. It is clear that Ray Brandt had physically vacated the premises where the automobile display had been prior to the time that Mrs. Weber fell. Nevertheless, because Ray Brandt was obligated by its agreement with Debartolo to clean the display area after the automobile was removed from the mall and did not do so, the Webers argue that there is a genuine issue of material fact regarding whether Ray Brandt retained custody and control of the area where Mrs. Weber fell until all of its obligations to Debartolo regarding the display were fulfilled.
*1005 In Whitney National Bank v. Rockwell, 94-3049 (La.1995), 661 So.2d 1325, 1329, the Louisiana Supreme Court stated that “[a] material fact is one whose existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery, i.e., one that would matter on the trial of the merits.” The Supreme Court then stated that “[a] genuine issue is a triable issue.” Id. In the instant case, who had custody and control of the area of the floor in the mall where Mrs. Weber fell is not a material fact. Ray Brandt clearly did not have physical custody or control of the area where Mrs. Weber fell at the time that she fell. Because the Webers have failed to show that they can prove at trial that a substance related to the Ray Brandt display was on the floor when Mrs. Weber fell, there is no genuine issue of material fact regarding Ray Brandt’s liability.
CONCLUSION
The Webers have failed to show that they could prove at trial the existence of a slippery substance on the floor where Mrs. Weber fell or that it was in any way related to the Ray Brandt automobile display. Therefore, we find that the In Webers failed to show the existence of a genuine issue of material fact in connection with their claim against Ray Brandt that would preclude summary judgment in favor of Ray Brandt. The judgment of the trial court is affirmed.
AFFIRMED.

. UNICCO Service Company, the company that provides janitorial and maintenance service to the mall, and its insurer, Travelers Insurance Company, were added as defendants in a supplemental petition.

. Armor All is a product designed to clean, shine, and protect the rubber, vinyl, and plastic parts of an automobile.

.MRI, an acronym for magnetic resonance imaging, refers to a technique used to create images of organs of the body and other living tissue.

. La. R.S. 9:2800.6 establishes the burden of proof in claims against merchants by persons who use the merchants’ premises.