GISELLA DILLON
v.
LA MADELEINE, INC. AND LIBERTY INSURANCE CORPORATION.
No. 2009 CA 0480.
Court of Appeals of Louisiana, First Circuit.
October 23, 2009.
Not Designated for Publication
RODERICK T. MORRIS, Counsel for Plaintiff/Appellant, Gisella Dillon.
DAVID P. SIRERA, Counsel for Defendants/Appellees, La Madeleine, Inc. and Liberty Mutual Insurance Company.
BEFORE: CARTER, C.J., GUIDRY, AND PETTIGREW, JJ.
GUIDRY, J.
Plaintiff, Gisella Dillon, appeals a summary judgment rendered in favor of La Madeline, Inc., and its liability insurer, Liberty Mutual Insurance Company, that dismissed her claim to recover damages for injuries she sustained when she slipped and fell on a piece of lettuce as she was leaving La Madeleine Bakery and Bistro, located on Jefferson Highway in Baton Rouge, Louisiana.
A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. Samaha v. Rau, 07-1726, p. 3 (La. 2/26/08), 977 So. 2d 880, 882. On appeal, summary judgments are reviewed de novo, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Lieux v. Mitchell, 06-0382, p. 9 (La. App. 1st Cir. 12/28/06), 951 So. 2d 307, 314, writ denied, 07-0905 (La. 6/15/07), 958 So. 2d 1199. The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B); Independent Fire Insurance Company v. Sunbeam Corporation, 99-2181, p. 7 (La. 2/29/00), 755 So. 2d 226, 230-231.
The burden of proof on a motion for summary judgment is on the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to provide factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2). It is only after the motion has been made and properly supported that the burden shifts to the non-moving party. Pugh v. St. Tammany Parish School Board, 07-1856, p. 4 (La. App. 1st Cir. 8/21/08), 994 So. 2d 95, 98, writ denied, 08-2316 (La. 11/21/08), 996 So. 2d 1113.
A genuine issue is a triable issue. More precisely, an issue is genuine if reasonable persons could disagree. If on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue. In determining whether an issue is genuine, courts cannot consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512, p. 27 (La. 7/5/94), 639 So. 2d 730, 751. A fact is material when its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery. Facts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute. King v. Illinois National Insurance Company, 08-1491, p. 6 (La. 4/3/09), 9 So. 3d 780, 784. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Hall v. Our Lady of the Lake R.M.C., 06-1425, p. 9 (La. App. 1st Cir. 6/20/07), 968 So. 2d 179, 185.
In order to prevail on a claim against a merchant because of a fall due to a condition in or on the merchant's premises, La. R.S. 9:2800.6B provides that a claimant has the burden of proving, in addition to all other elements of his cause of action, the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
In their motion for summary judgment, the defendants alleged that the plaintiff would be unable to prove that her fall was caused by a condition that presented an unreasonable risk of harm or that La Madeleine, Inc. or its employees created or had notice of the condition; however, the evidence submitted by the defendants in support of their motion for summary judgment  the plaintiffs deposition testimony  does not support their contention that the plaintiff will be unable to prove the existence of a condition that presented an unreasonable risk of harm or that the merchant had no notice of the condition.
In her deposition, the plaintiff testified as follows regarding her fall at the restaurant:
Q What did you slip on?
A Some type of dark lettuce.
Q When did you first see the dark lettuce?
A When I got up. When I was helped up.
Q How did you know that is what you slipped on?
A Because I looked down at it, and I talked to the employee that was bussing the tables, and he said that it was a messy spot that he would get it up soon. And he did apologize for that.
Q Other than the dark lettuce, was there anything else on the floor?
A Not that I was aware of, just greasy.
....
Q How big was the piece of lettuce?
A About the size of a dollar, I would say.
Q How long had the lettuce been on the floor?
A I don't know.
Q Where did the lettuce come from?
A I don't know
....
Q The first time that you saw the lettuce was after you fell?
A After I got up.
Q Was it busy that night, or do you know?
A A little busy, that I can remember.
Q In your discovery, you put that the foreign substance  it actually says, quote, The [sic] foreign substance was lettuce, which appeared to have been walked on. What was it about the lettuce that made it look like it had been walked on?
A It was slimy and stringy. You could tell it was walked on.
Q Do you know if that was from when you walked on it?
A No. I seen that when I got up.
Q Okay. So you don't know whether anybody else had walked over it before or not?
A No, I don't know.
Q You don't know how long it had been on the floor?
A No, sir.

Unreasonable Risk of Harm
Defendants argue in support of the summary judgment that "[a]s a threshold matter under section 2800.6, [plaintiff] must prove that the accident resulted from a condition which presented an `unreasonable risk of harm."' Further, citing Weber v. Ray Brandt Nissan, Inc., 04-0004 (La. App. 4th Cir. 8/18/04), 880 So. 2d 999, writ denied, 04-2497 (La. 12/10/04), 888 So. 2d 846 and Reed v. Home Depot USA, Inc., 37,000 (La. App. 2d Cir. 4/9/03), 843 So. 2d 588, writ denied, 03-1638 (La. 10/10/03), 855 So. 2d 345, defendants assert that plaintiff "must prove the existence of a foreign substance or hazardous condition on the floor which caused the slip-and-fall."
First, unlike the patrons in Weber and Reed, the plaintiff was able and did definitely and unequivocally identify the substance on which she slipped and fell, making this matter factually distinguishable from the cited cases. Second, the plaintiffs testimony regarding her observation of the foreign substance she slipped on  some type of dark lettuce  was sufficient to establish the existence of the substance, even in absence of her knowledge of what happened to the lettuce after her fall. As observed by the court in Beninate v. Wal-Mart Stores, Inc., 97-802, pp. 9-10 (La. App. 5th Cir. 12/10/97), 704 So. 2d 851, 855, writ denied, 98-0082 (La. 3/13/98), 713 So. 2d 470, the existence of the foreign substance should be credited in absence of any evidence contradicting the plaintiffs positive testimony regarding the presence of the substance and to find otherwise would involve a credibility determination by the trial court.[1] Based on the plaintiffs unrebutted testimony that she slipped on some lettuce about the size of a dollar bill on the floor of the restaurant, such could reasonably be found to present an unreasonable risk of harm to restaurant patrons such as the plaintiff. See Heath v. ITT Hartford Insurance Company, 43,756, p. 3 (La. App. 2d Cir. 12/3/08), 999 So. 2d 166, 168. Thus, the defendants failed to properly "point out" that the plaintiff would be unable to establish this element of her claim.

Actual and Constructive Notice
As a secondary basis for moving for summary judgment, the defendants relied on the plaintiffs deposition testimony in an attempt to "point out" that plaintiff would be unable to prove that La Madeleine, Inc. had notice of the lettuce on the floor. Based on our de novo review of the plaintiffs deposition testimony, submitted by the defendants in support of their motion for summary judgment, we find that the defendants also failed in their attempt to "point out" a lack of factual support for this element of the plaintiffs merchant liability claim.
First, we observe that while plaintiff's testimony that she talked to an employee whom she stated acknowledged that "it was a messy spot that he would get it up soon," could imply actual knowledge, such testimony is hearsay and thus incompetent to prove that La Madeleine, Inc. or its employees had actual knowledge of the lettuce on the floor. Thus, our consideration of whether La Madeleine, Inc. or its employees had notice of the condition will focus on whether the plaintiffs testimony is sufficient to show that she will be able to prove that La Madeleine, Inc. had constructive notice of the condition.
Louisiana Revised Statutes 9:2800.6C(1) provides that in order to establish constructive notice pursuant to the merchant liability statute, a claimant must prove:
that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
As the supreme court held in White v. Wal-Mart Stores, Inc., 97-0393, p. 4 (La. 9/9/97), 699 So. 2d 1081, 1084-85:
[Louisiana Revised Statutes 9:2800.6] does not allow for the inference of constructive notice absent some showing of this temporal element.
....
Though there is no bright line time period, a claimant must show that "the condition existed for such a period of time ... " Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall. This is not an impossible burden.
Despite the defendants' allegation that the plaintiff failed to present any evidence as to "how the alleged substance got on the floor or how long it had been there," we find the plaintiffs testimony describing the lettuce as "slimy and stringy" and that it appeared to be "walked on" was sufficient to indicate that the lettuce had been on the floor for some period of time. The temporal element of the plaintiffs burden of proof can be established by circumstantial evidence. Henry v. Wal-Mart Stores, Inc., 99-1630, p. 3 (La. App. 3d Cir. 3/1/00), 758 So. 2d 327, 329, writ denied, 00-0929 (La. 5/26/00), 762 So. 2d 1107. Whether the period of time was of sufficient length that La Madeleine, Inc., through its employees, should have discovered the condition is necessarily a question of fact. Williams v. Shoney's, Inc., 99-0607, p. 6 (La. App. 1st Cir. 3/31/00), 764 So. 2d 1021, 1024.
A trial court cannot make credibility decisions on a motion for summary judgment. In deciding a motion for summary judgment, the court must assume that all of the witnesses are credible. Monterrey Center, LLC v. Education Partners, Inc., 08-0734, p. 10 (La. App. 1st Cir. 12/23/08), 5 So. 3d 225, 232. On a motion for summary judgment, the court should not weigh the testimony. Instead, it should view the exhibits to determine if there is a material factual issue in dispute. Lemann v. Essen Lane Daiquiris, Inc., 05-1095, p. 11 (La. 3/10/06), 923 So. 2d 627, 635.
While the plaintiffs testimony was the only proof presented regarding the existence and condition of the lettuce on the floor of the restaurant, such does not equate to a finding that she will be unable to satisfy her evidentiary burden of proof at trial, as her testimony alone, especially in absence of any countervailing evidence, could be sufficient for the trier of fact to render judgment in favor of the plaintiff. See Henry, 99-1630 at 3, 758 So. 2d at 329. Thus, the defendants failed to "point out" the lack of factual support for the notice element of the plaintiffs merchant liability claim.

CONCLUSION
As the movants did not establish the absence of factual support for the specific elements of the plaintiffs claim that they "pointed out," summary judgment was improperly granted. See Rodgers v. Food Lion, Inc., 32,856, p. 8 (La. App. 2d Cir. 4/5/00), 756 So. 2d 624, 629, writ denied, 00-1268 (La. 6/16/00), 765 So. 2d 339; see also Pugh, 07-1856 at 6, 994 So. 2d at 100. Accordingly, we reverse the summary judgment and remand this matter to the trial court for further proceedings. All costs of this appeal are cast to the appellees, La Madeleine, Inc. and Liberty Mutual Insurance Company.
REVERSED AND REMANDED.
NOTES
[1] In Beninate, the court related that the plaintiff was the only person to testify regarding the foreign object she slipped on, a french fry, which she subsequently picked up and disposed of. Consequently, the court held that "the finding that there was a foreign substance on the floor which caused the fall was not so much a credibility finding as it was essentially unrebutted testimony." Beninate, 97-802 at 9, 704 So. 2d at 854-855.